**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

JEREMIAH WARREN,

 Defendant-Appellant.

No. 04-1027
(D. Colo.)
(D.Ct. No. 03-CR-36-M)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

---

  [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Jeremiah Warren pled guilty to distributing and possessing with intent to distribute more than five grams of a substance and mixture containing a detectable amount of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). He now appeals his ninety-three-month sentence, contending: 1) the district court violated his due process rights in calculating his criminal history above the criminal history in his plea agreement; 2) his counsel provided him ineffective assistance during the plea process and sentencing; and 3) his sentence is unconstitutional, pursuant to *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (U.S. Jun. 24, 2004). We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, affirm the district court's conviction and sentence, and dismiss certain ineffective assistance of counsel claims.

## I. Background

Mr. Warren pled guilty to one count of an eight-count indictment, in exchange for the government dismissing the remaining charges against him. The relevant portions of the plea agreement contained information Mr. Warren could receive a sentence of between five and forty years for the crime to which he pled guilty, and a series of stipulations, stating:

1) his sentence would be determined by application of the Sentencing Guidelines;

-2-

2) the parties understood the court could impose any sentence up to the statutory maximum, regardless of any guideline range computation;

3) the parties believed Mr. Warren's criminal history category was III or IV, but understood such a computation was tentative and would be determined by the court;

4) the parties believed Mr. Warren's sentence, under a "tentative" criminal history category of III, would be seventy to eighty-seven months, and under a "tentative" category of IV, would be eighty-four to 105 months; and

5) "[i]n order to be as accurate as possible," with an estimated offense level of 25, Mr. Warren could be subject to "an imprisonment range of 60 months (Statutory Minimum Mandatory Sentence) to 137 months (Top of Category VI)."[1]

The government also agreed to request a downward departure of fifteen percent under U.S.S.G. §5K1.1 based on information Mr. Warren provided. In addition to his plea agreement, Mr. Warren also executed a statement in advance of his plea of guilty, acknowledging: 1) he could receive a sentence of up to forty years; 2) no representations or promises were made to him as to what his sentence would be; 3) the court would not be bound by any agreement or stipulation in the plea

---

[1] The plea agreement correctly states that the maximum number of months imprisonment under the Sentencing Guidelines for an offense level of 25 and criminal history category of VI is 137 months. *See* U.S.S.G. Ch.5, Pt.A (Sentencing Table).

agreement; and 4) the court would not determine his sentence until after receiving and reviewing the presentencing report.

At the change of plea hearing, the district court explained, and Mr. Warren stated he understood, the maximum penalty for his offense included a minimum penalty of five years imprisonment and a maximum penalty of forty years imprisonment; the sentence would depend in large part on his criminal history as determined by a probation officer; and an uncertainty existed as to the applicable criminal history category. After the district court accepted Mr. Warren's guilty plea, a probation officer prepared a presentencing report, calculating his criminal history category at VI, rather than III or IV.[2] Applying a three-level reduction for acceptance of responsibility, the probation officer applied an offense level of 25, to calculate the sentencing guideline range at 110 to 137 months imprisonment.

Mr. Warren did not file an objection to the presentencing report or make any objections at the sentencing hearing. At sentencing, the district court accepted the factual findings in the presentencing report regarding Mr. Warren's past convictions and criminal history category determination; it then granted the

---

[2]  The increase in Mr. Warren's criminal history category is attributable to several felony and misdemeanor convictions of which the government was not previously aware.

government's motion for a downward departure under U.S.S.G. §5K1.1 and sentenced Mr. Warrant to ninety-three months imprisonment, followed by a term of supervised release of four years.

## II. Discussion

### A. Prior Conviction Determination

For the first time on appeal, Mr. Warren raises a due process claim concerning the criminal history category applied to his sentence. He suggests the district court erred in applying a higher criminal history category than the ones tentatively set out in the plea agreement, and then failing to *sua sponte* give him the option of withdrawing his plea.

Both attorneys and the court have a duty to apprise a defendant of the consequences of a guilty plea and ensure it is voluntary. *See United States v. Williams*, 919 F.2d 1451, 1456 (10th Cir. 1990). Under Federal Rule of Criminal Procedure 11(c), the court must "advise the defendant of the mandatory minimum and maximum penalties for the crime committed and that the guidelines will govern sentencing." *Id.* "When the court accepts a guilty plea, it may expressly retain the power to determine relevant facts bearing on sentencing under the Guidelines, notwithstanding the parties' stipulations of facts." *Id.* "If neither the

plea agreement nor the court has guaranteed the defendant that the plea agreement stipulations are binding, a defendant cannot claim undue surprise or that the plea is rendered involuntary when the court exercises this power." *Id.* Thus, a district court is not bound by inaccurate or tentative stipulations contained in a plea agreement, because "an erroneous sentencing estimate does not render a plea involuntary." *See United States v. Reyes Pena*, 216 F.3d 1204, 1212 (10th Cir.), *cert. denied*, 531 U.S. 973 (2000).

In this case, it was not error for the district court to exercise its power in determining the applicable criminal convictions for the purpose of calculating a correct criminal history category, given 1) the "tentative" criminal category stipulations in the plea agreement; 2) the district court's explanations; and 3) Mr. Warren's stated understanding that the maximum penalty for his offense included a possible forty-year imprisonment, and that his sentence would depend in large part on his criminal history as determined by a probation officer because an uncertainty existed as to the applicable criminal category.

In addition, under the circumstances presented, we cannot say the district court erred by not *sua sponte* initiating a withdrawal of plea proceeding. A defendant does not have an absolute right to withdraw a guilty plea, but rather

bears the burden of demonstrating a "fair and just reason" for the withdrawal of the plea. *See United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000). Given Mr. Warren gave no reason for withdrawing the plea and no reason is apparent from the district court proceedings, as previously discussed, we reject Mr. Warren's contention the district court somehow erred in not *sua sponte* providing him an opportunity to withdraw his plea.

## B. Ineffective Assistance of Counsel

For the first time on appeal, Mr. Warren also raises several ineffective assistance claims.[3] He provides argument in support of two of these claims, suggesting his counsel acted deficiently in: 1) representing he would receive a sentence between sixty and seventy-one months imprisonment by entering into the plea agreement; and 2) admitting his own legal incompetency to handle Mr.

---

[3] Mr. Warren raises other ineffective assistance issues which, as the government points out, he simply listed and failed to support with argument, and which consist of claims his counsel failed to: 1) properly calculate his criminal history; 2) file objections to the presentencing report; 3) file a motion pursuant to U.S.S.G. §5K2.0 asking for a downward departure for his criminal history being overstated by a technical calculation; 4) argue for a downward departure if his criminal history turned out to be higher than the parties contemplated; 5) advise him of the likelihood of an enhanced sentence (although it does not appear from the record an enhancement was applied); 6) argue the Sentencing Guidelines are unconstitutional; and 7) timely discuss his plea agreement. Because Mr. Warren fails to make any argument or cite any authority in support of his claims, *see United States v. Kunzman*, 54 F.3d 1522, 1534 (10th Cir. 1995), or fully apprise us of the specific errors made by counsel, *United States v. Lindsey*, 389 F.3d 1334, 1336 n.3 (10th Cir. 2004), we decline to address these ineffective assistance claims on direct appeal.

Warren's appeal.

The government seeks to dismiss the ineffective assistance of counsel claims on direct appeal, although it admits ineffective assistance claims generally should be brought in collateral proceedings, not on direct appeal, for the purpose of developing a factual record on the issue and allowing the district court the opportunity to address it. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Nevertheless, we have recognized exceptions in rare instances where an ineffectiveness of counsel claim needs no further development prior to review and resolution on direct appeal. *Id.* We conclude this case meets the rare exception, as no further development of the record would benefit our resolution of the issue regarding Mr. Warren's counsel's representation of the sentence he would receive.

In assessing plea agreements, we have said "it is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses," unless the defendant, as here, attacks "the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not [competent]." *United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003) (quotation marks and citations omitted). The two-part test announced in

*Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on ineffective assistance of counsel, and requires a defendant asserting ineffective assistance of counsel to show both deficient performance of counsel and prejudice resulting from such deficient performance. *See also Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (applying two-part test to ineffective assistance of counsel claim regarding plea process). For a defendant who pleads guilty, a showing of prejudice requires him to establish "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

In this case, we have no reason to believe Mr. Warren's counsel misinformed or improperly counseled him as to the potential sentence he might receive. The plea agreement contained information he could receive a sentence of between five and forty years, and he stipulated he understood the district court could impose any sentence up to the statutory maximum of forty years and that the criminal history category computations of III or IV were tentative, to ultimately be determined by the court. He also stipulated he understood that if his "tentative" criminal history category was III, his sentence would be seventy to eighty-seven months, and if it was IV, his sentence would be eighty-four to 105 months, or possibly as high as 137 months under a criminal history category of VI

— all well over the sixty to seventy-one months his counsel allegedly represented to him. Similarly, in his statement in advance of his plea of guilty, Mr. Warren acknowledged he could receive a sentence of up to forty years, no representations or promises as to his sentence were made to him, and the district court would not be bound by any agreement or stipulation in the plea agreement, but would determine his sentence after receiving and reviewing the presentencing report. At the change of plea hearing, the district court explained, and Mr. Warren stated he understood, the maximum penalty for his offense included a forty-year term of imprisonment, and an uncertainty existed with respect to his criminal history category and would depend on his criminal history as determined by a probation officer.

Even if Mr. Warren's counsel erroneously represented he would receive a sentence between sixty and seventy-one months imprisonment by entering into the plea agreement,[4] Mr. Warren was aware when he entered the plea agreement, and

---

[4] In support of his contention, Mr. Warren has submitted a copy of a handwritten letter he wrote to his current appellate attorney, complaining about his prior trial attorney's alleged statements to Mr. Warren that he would receive only a sixty-month sentence. The government has filed a motion to strike such evidence as inadmissible hearsay. We grant the government's motion, but in so doing, note that even if we consider the letter and counsel's alleged advice Mr. Warren would only get a sixty-month sentence, we would still conclude Mr. Warren has failed to show prejudice for the reasons stated above.

at his change of plea hearing, that his sentence could be at least seventy to eighty-seven months if his criminal history category was III, or at least eighty-four to 105 months if it was IV, or even higher, depending on the district court's determination of his criminal history. Thus, it is clear Mr. Warren was aware of the contingencies involved in determining his sentence, and nevertheless entered into a guilty plea. Accordingly, even if his counsel acted deficiently in representing a possible sixty- to seventy-one-month sentence, Mr. Warren cannot show prejudice, given he made an informed decision to nevertheless enter a guilty plea. Moreover, Mr. Warren has not shown "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

As to Mr. Warren's claim his counsel admitted incompetency, as evidenced allegedly by motions filed by him seeking withdrawal as counsel and our order relieving him of his representation of Mr. Warren,[5] the factual record is

---

[5] On May 6, 2004, Mr. Warren's trial counsel filed a response to our order to show cause why he should not be removed as appellate counsel. He stated he did not think he knew how to win a federal criminal appeal, and requested he be removed from further Criminal Justice Act appointments in this court. While he requested removal at the appellate level, he expressly stated he did not wish to be removed from the list of eligibility for Criminal Justice Act appointments in the district court because he believed his performance as a criminal defense attorney at the trial level has been very effective and he has done outstanding criminal defense work. This court issued an Order removing Mr. Warren as counsel, striking him from the list of attorneys eligible for Criminal Justice

undeveloped and the district court should be allowed an opportunity to address it "in the first instance for effective review." *Galloway*, 56 F.3d at 1240. Accordingly, the issue should be raised before the district court on collateral review and therefore, we dismiss it on appeal.

### C. Prior Convictions and Maximum Statutory Sentence Issues

We next briefly address Mr. Warren's argument his sentence is unconstitutional, based on his general assertion the sentencing guidelines applied to his sentence by the district court are unconstitutional under *Blakely v. Washington.* Mr. Warren fails to present a meritorious argument.

The Supreme Court, in deciding *Blakely*, unequivocally restated the proposition announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which states that "*[o]ther than the fact of a prior conviction,* any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely,* 124 S. Ct. at 2536 (emphasis added); *see also United States v. Cooper*, 375 F.3d 1041, 1052 n.3 (10th Cir.), *cert. denied*, 125 S. Ct. 634 (2004). In this case, because

---

Act appointments in this court; and directing a letter to be sent to the United States District Court for the District of Colorado, recommending he be stricken from that court's Criminal Justice Act Panel.

Mr. Warren's ninety-three-month sentence is below the prescribed statutory maximum sentence of forty years provided under 21 U.S.C. § 841(b)(1)(B)(iii), to which he pled guilty, we reject his contention his sentence is unconstitutional under *Blakely.* Moreover, Mr. Warren's argument must fail because the criminal history category of which he complains is based on prior convictions, which under both *Blakely and Apprendi* need not be presented to a jury for determination. *See Cooper*, 375 F.3d at 1052 n.3.

### III. Conclusion

For the reasons provided herein, Mr. Warren's conviction and sentence are **AFFIRMED** and we **GRANT** the government's motion to strike. As to any remaining ineffective assistance of counsel claims, we **DISMISS** them for the reasons stated.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-13-