**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

LARRY SALAZAR,

      Defendant - Appellant.

No. 02-8048

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**(D.C. Nos. 01-CV-73-D and 99-CR-136-D)**

---

Submitted on the briefs:[*]

Patrick J. Crank, Assistant United States Attorney (and Matthew H. Mead, United States Attorney, on the brief), Casper, Wyoming, for Plaintiff - Appellee.

Thomas B. Jubin, Jubin & Zerga, L.L.C., Cheyenne, Wyoming, for Defendant - Appellant.

---

Before **EBEL**, **KELLY**, and **MURPHY**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G).  The case therefore is ordered submitted without oral argument.

Defendant-Appellant Larry Salazar appeals the district court's dismissal of his federal habeas petition brought pursuant to 28 U.S.C. § 2255. The district court granted a certificate of appealability ("COA"), finding that Petitioner had made a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Background

Following wiretap surveillance by Wyoming authorities during late 1998 and early 1999 of suspected manufacturers and distributors of methamphetamine, Mr. Salazar was charged with (1) conspiracy to possess with intent to distribute, and to distribute, methamphetamine, cocaine, and marijuana, (2) possession with the intent to distribute methamphetamine and aiding and abetting the same, and (3) use of a communication facility to facilitate a felony drug offense. II R. Doc. 26. In exchange for dismissal of counts two and three, Mr. Salazar pled guilty to count one (conspiracy to possess with the intent to distribute, and to distribute, methamphetamine, cocaine, and marijuana in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(A)-(C)). II R. Doc. 58. Also in exchange for his guilty plea, Mr. Salazar avoided imposition of the 240 month minimum mandatory sentence (based

on a prior conviction) and received a sentence of 158 months imprisonment to be followed by a 5 year period of supervised release.  II R. Doc. 131.

Mr. Salazar subsequently learned that the Wyoming wiretap statute under which several warrants were obtained had expired in 1995 pursuant to a sunset provision in the statute.  The official publisher of the Wyoming Statutes at the time of Mr. Salazar's conviction, LEXIS Law Publishing (formerly Michie), had deleted the annotation reference to the sunset provision and published the wiretap statute as if it were Wyoming law.

In 2001, Mr. Salazar filed a motion pursuant to 18 U.S.C. § 2255 to vacate his conviction and sentence, alleging that both his indictment and conviction were based upon illegally obtained evidence.  The district court denied the motion on April 30, 2002, but granted a COA in July of 2002.  On appeal, Mr. Salazar raises three issues: (1) the evidence obtained based upon an illegal wiretap must be suppressed, (2) his guilty plea does not waive his right to challenge the evidence, and (3) Defendant was deprived of his Sixth Amendment right to effective assistance of counsel.

### Discussion

Because the district court granted a COA, the merits of Mr. Salazar's appeal are properly before this court.  See 28 U.S.C. § 2253(c)(1)(B) (providing

that a defendant may not appeal the denial of a § 2255 motion unless he first obtains a COA); Miller-El v. Cockrell, —S. Ct.—, 2003 WL 431659, at *13 (2003) (stating that "the Court of Appeals ha[s] no jurisdiction to resolve the merits of petitioner's constitutional claims" apart from a COA). This court reviews the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error. United States v. Wiseman, 297 F.3d 975, 978 (10th Cir. 2002).

A. Suppression of Evidence

The government recites a host of arguments for the view that the alleged violation of Mr. Salazar's Fourth Amendment and federal statutory rights does not require that his indictment be dismissed and his conviction and sentence be vacated, including novel applications of federal statutory preemption of the wiretapping field and the exceptions for good faith reliance on a warrant and inevitable discovery. These arguments in the government's brief are unnecessary, however, for this case can be resolved on the straightforward grounds that Mr. Salazar's suppression claim is procedurally barred or, in the alternative, his unconditional guilty plea effectively waived any challenge to the legality of the wiretaps.

As an initial matter, motions to suppress must be made prior to trial or they are waived, subject to a district court's granting relief from the waiver for cause

shown.  Fed. R. Crim. P. 12(b)(3), (f).  The failure to raise this suppression issue before trial and on direct appeal means that Mr. Salazar must demonstrate cause excusing his procedural default and actual prejudice resulting from the claimed error or a fundamental miscarriage of justice (the conviction of someone who is factually innocent).  Bousley v. United States, 523 U.S. 614, 622-23 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982).  Cause must be some objective factor external to the defense and not attributable to a defendant, such as interference by government officials making compliance with the relevant procedural rules impracticable or a showing that the factual or legal basis of the claim was not reasonably available to counsel.  McCleskey v. Zant, 499 U.S. 467, 493-94 (1991).  Of course, cause may be shown by ineffective assistance of trial or appellate counsel.  Murray v. Carrier, 477 U.S. 478, 491-92 (1986).

Mr. Salazar argues that his suppression claim is not procedurally barred because his counsel never informed him of the defective statute, and the defect came to light months after he had been sentenced.  Aplt. Reply Br. at 8-9.  He also argues that his ineffective assistance of counsel claim and the resulting prejudice defeats the government's procedural bar argument.  Id. at 9.  Essentially, Mr. Salazar's claim is one of attorney error, but "[a]ttorney error short of ineffective assistance of counsel . . . does not constitute cause and will not excuse a procedural default."  McCleskey, 499 U.S. at 494.  We reject Mr.

Salazar's ineffective assistance of counsel claim below, and he has not shown factual innocence. This claim is procedurally barred.

In the alternative, it is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses. See United States v. Hawthorne, 316 F.3d 1140, 1145 (10th Cir. 2003); United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir. 1990). As summarized by the Supreme Court:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not [competent].

Tollett v. Henderson, 411 U.S. 258, 267 (1973). See also Mabry v. Johnson, 467 U.S. 504, 508 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); United States v. Floyd, 108 F.3d 202, 204 (9th Cir. 1997) ("An unconditional guilty plea constitutes waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects.") (emphasis in original). The district court here found that Mr. Salazar's plea was voluntary and intelligent, II R. Doc. 221 at 8, n.4, and Salazar did not–as he might have pursuant to Fed. R. Crim. P. 11(a)(2)–attempt to enter a conditional plea and thereby preserve his right to appeal.

In addition to his inability to attack collaterally his conviction and sentence following a guilty plea, Mr. Salazar's argument that the grand jury's indictment must be dismissed based upon alleged defects in the evidence used by the grand jury is similarly unavailing. Whether the alleged defect in the grand jury's indictment is a result of violation of the Fourth Amendment or of 18 U.S.C. § 2515 ("no part of the contents of such [intercepted wire or oral] communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court [or] grand jury . . . ."), "improper use of tainted evidence in the grand jury proceeding," Aplt. Br. at 18, is not, contrary to Mr. Salazar's assertion, a jurisdictional defense. The Supreme Court has squarely held that defects in an indictment are not "jurisdictional," United States v. Cotton, 122 S. Ct. 1781, 1785 (2002) ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case."), and, regardless, the Fourth Amendment exclusionary rule does not apply to grand jury proceedings. United States v. Calandra, 414 U.S. 338, 349-52 (1974).

Mr. Salazar also argues that the § 2515 admissibility prohibition is analogous to that found in 18 U.S.C. § 6002, concerning restrictions on immunized testimony or information, and requires the government to prove that evidence it uses is not linked or tainted by immunized testimony or information. Aplt. Br. at 12 (citing United States v. Hubbell, 530 U.S. 27 (2000), and Kastigar

v. United States, 406 U.S. 441 (1972)). Though important rights may be vindicated in a suppression hearing under § 2515, or a Kastigar hearing under § 6002, neither statute imposes a jurisdictional bar on prosecutions.

B.     Ineffective Assistance

We turn, then, to Mr. Salazar's claim of ineffective assistance of counsel, which relates to his claim that his plea was not knowing and voluntary, and he should be allowed to pursue his suppression claim. A claim of ineffective assistance of counsel is a mixed question of law and fact which we review de novo. Fisher v. Gibson, 282 F.3d 1283, 1290 (10th Cir. 2002). Mr. Salazar must demonstrate deficient performance and prejudice. He must show that his counsel made "errors so serious" that his performance could not be considered "reasonable[] under prevailing professional norms." Strickland v. Washington, 466 U.S. 668, 687-88, 695 (1984). Prejudice in the guilty plea context requires Mr. Salazar to establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The district court was willing to assume that there was deficient performance on someone's part, but concluded that Mr. Salazar could not prove prejudice because the wiretap evidence would have been admitted under the good faith exception to the exclusionary rule. We resolve the claim on the absence of deficient performance.

At first glance, Mr. Salazar's counsel's failure to note that the statute pursuant to which a warrant had been obtained that resulted in his client's indictment had expired seems deficient. Nonetheless, "[t]he reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). In this case, it is difficult to see how, as the government states it, one can allege ineffective assistance of counsel based upon a failure to challenge the warrant when "the Wyoming Attorney General's Office, several state district court judges, the Wyoming Supreme Court, the United States District Court for the District of Wyoming, dozens of defense attorneys, the Wyoming Legislature, the United States Attorney's Office, and the Natrona County District Attorney's Office" also failed to notice the expiration of the statute. Aplee. Br. at 48-49. Though it might be good practice after this case, we doubt that prevailing professional norms require a review of all session laws implicated in a prosecution. Thus, without even addressing the issue of prejudice (i.e., whether the evidence obtained would have been admitted even had the error been discovered), we are unable to find that Mr. Salazar's counsel provided incompetent advice.

Because Mr. Salazar's counsel was not ineffective so as to deprive Mr. Salazar of his Sixth Amendment rights and thereby render his guilty plea

involuntary, our conclusion reached in Part A–that a voluntary and intelligent guilty plea waives all nonjurisdictional defenses–follows.

For the foregoing reasons, the district court's denial of Mr. Salazar's § 2255 petition by the district court is AFFIRMED.