F I L E D
United States Court of Appeals
Tenth Circuit

JUN 3 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> SERGIO BURCIAGA, <br><br> Defendant-Appellant. | No. 02-8011 <br> (D. Wyo.) <br> (D.Ct. Nos. 00-CV-194-D and <br> 99-CR-36-D) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> HECTOR GOMEZ-MEDINA, <br><br> Defendant-Appellant. | No. 02-8012 <br> (D. Wyo.) <br> (D.Ct. Nos. 01-CV-1019-D and <br> 99-CR-36-D) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> HUGO ANAYA MONDRAGON, <br><br> Defendant-Appellant. | No. 02-8013 <br> (D. Wyo.) <br> (D.Ct. Nos. 00-CV-222-D and <br> 99-CR-36-D) |

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

UBALDO BARAJAS-ESTOPIN, a/k/a
CRESCENCIO MEDINA-ZENDEJAS,
a/k/a UVA,

    Defendant-Appellant.

No. 02-8020
(D. Wyo.)
(D.Ct. Nos. 00-CV-202-D and
99-CR-36-D)


UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

FREDI GOMEZ-PEREZ,

    Defendant-Appellant.

No. 02-8025
(D. Wyo.)
(D.Ct. Nos. 00-CV-207-D and
99-CR-36-D)


UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VICTOR MANUEL GOMEZ-
FERNANDEZ,

    Defendant-Appellant.

No. 02-8034
(D. Wyo.)
(D.Ct. Nos. 01-CV-1009-D and
99-CR-36-D)

**ORDER AND JUDGMENT**[*]

G. Mark Garrison, Cody, Wyoming, for Defendant-Appellant in No. 02-8011; John D. Fadala, Casper, Wyoming, for Defendant-Appellant in No. 02-8012; Ronald G. Pretty, Cheyenne, Wyoming, for Defendant-Appellant in No. 02-8013; Dion J. Custis, Cheyenne, Wyoming, for Defendant-Appellant in No. 02-8020; Joseph Saint-Veltri, for Defendant-Appellant in No. 02-8025; Nicholas H. Carter of Carter Law Office, Gillette, Wyoming, filed a brief for Defendant-Appellant in No. 02-8034.

David A. Kubichek, Assistant United States Attorney (Matthew H. Mead, United States Attorney; Pat Crank, Assistant United States Attorney, on the briefs), Cheyenne, Wyoming, for Plaintiff-Appellees.

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **McCONNELL**, Circuit Judge.

The above named six defendants appeal the district court's dismissal of their federal habeas petitions brought under 28 U.S.C. § 2255.[1] In the interest of judicial efficiency, we combine the appeals because they involve the same issues and arise from the same facts. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we affirm.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] A certificate of appealability was issued to each defendant.

The essential facts are undisputed. After gathering evidence pursuant to state court ordered wiretaps, the government filed a twenty-one-count superceding indictment charging the defendants with, among other things, conspiracy to possess with the intent to distribute, and to distribute, methamphetamine and cocaine. Each defendant entered a plea agreement with the government and pled guilty to charges in the indictment. The district court entered judgment against each of the defendants and sentenced them to various terms of imprisonment. None of the defendants directly appealed their conviction or sentence.

Some time thereafter, the defendants learned the Wyoming wiretap statute, under which the government obtained the wiretap warrants in this case, had expired pursuant to a sunset provision in the statute prior to the state court's issuance and the government's execution of the wiretap warrants. Each defendant subsequently moved to vacate or set aside his conviction and sentence under 28 U.S.C. § 2255. The district court denied the motions and the defendants appeal.

Each of the six defendants asserts on appeal that his indictment and conviction were based on illegally obtained evidence. Some of the defendants also assert they received ineffective assistance of counsel as their individual counsels failed to discover the expiration of the wiretap statute.

The issues and facts presented these cases are virtually indistinguishable from those presented in our recent decision *United States v. Salazar*, 323 F.3d 852 (10th Cir. 2003). In *Salazar*, the defendant appealed a district court decision denying his motion to vacate his conviction and sentence under 28 U.S.C. § 2255, arguing the indictment and conviction were based on illegally obtained evidence (gathered pursuant to the expired Wyoming wiretap statute) which should be suppressed. *Id*. at 855. The defendant also argued he did not receive effective assistance of counsel because his counsel failed to discover the statute had expired. *Id*. at 855, 857. We held in *Salazar* the defendant's "suppression claim is procedurally barred [for failure to raise it prior to trial] or, in the alternative, his unconditional guilty plea effectively waived any challenge to the legality of the wiretaps." *Id*. at 855. We also held the defendant's counsel "was not ineffective so as to deprive [the defendant] of his Sixth Amendment rights." *Id*. at 857.

Our decision in *Salazar* controls our resolution of these cases. *See United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) ("Under the doctrine of *stare decisis*, this panel cannot overturn the decision of another panel of this court."). We therefore affirm the district court's decision in these six cases for the same reasons set forth in *Salazar*. The defendants' claims are procedurally barred or,

in the alternative, their unconditional guilty pleas waived their challenges to the legality of the wiretaps.[2] *Salazar,* 323 F.3d at 855. Furthermore, the defendants received effective assistance of counsel.[3] *Id*. at 857.

For the reasons set forth above, we **AFFIRM** the district court.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[2] By entering guilty pleas, the defendants waived all non-jurisdictional defenses, *see United States v. Wright*, 43 F.3d 491, 494 (10th Cir. 1994), including their arguments the wiretap warrants were illegal under the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510 - 2522, the indictment was defective, *see United States v. Cotton,* 535 U.S. 625, 630-31 (2002); *Salazar*, 323 F.3d at 856, and their guilty pleas lacked a factual basis, *see United States v. Willis*, 992 F.2d 489, 490-91 (4th Cir. 1993). Some of the defendants argue, however, their guilty pleas were involuntary or unknowing because they did not know the wiretap statute had expired. We reject this argument. Although the defendants may have misjudged the admissibility of the wiretap evidence, this alone does not render their guilty pleas involuntary or unknowing. *See McMann v. Richardson*, 397 U.S. 759, 770 (1970).

[3] Consequently, we also conclude the district court did not err in denying Mr. Burciaga's motion to substitute counsel in order to pursue a claim of ineffective assistance of counsel. Under the circumstances of this case, his counsel did not render ineffective assistance by failing to "raise the issue of the invalidity of the wiretaps during the trial proceedings."