**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**OCT 2 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

JOE GUTIERREZ,

      Defendant - Appellant.

No. 03-1038
(D.C. No. 02-CR-66-D)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

      Defendant-Appellant Joe Gutierrez appeals following his conviction for possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). Mr. Gutierrez accidentally shot himself while cleaning a gun at his home and instructed a friend to remove the gun and two others. Counsel for Mr. Gutierrez has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967),

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

and has moved for leave to withdraw as counsel. In those circumstances, our local rule contemplates notice to the defendant and 30 days within which he may raise any challenges to his conviction and sentence. 10th Cir. R. 46.4(b). Additionally, the Anders brief reflects service on Mr. Gutierrez. No response has been received. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we dismiss the appeal and grant counsel's request to withdraw.

Mr. Gutierriez was charged with possession of a firearm by a prohibited person, having been convicted previously of a felony. He pled to the offense, admitting that he was convicted in 1997 in California state court of residential burglary, a felony. He was sentenced to 70 months imprisonment followed by 36 months of supervised release. In the Anders brief, counsel for Mr. Gutierrez raises two issues at the behest of Mr. Gutierrez, but concedes that these issues lack merit. Aplt. Br. at 3-4, 6. In Anders, the Supreme Court held that if appointed counsel "finds [her] case to be wholly frivolous, after a conscientious examination of it, [she] should so advise the court and request permission to withdraw." 386 U.S. at 744. Where counsel has filed an Anders brief, we must conduct a "full examination of all the proceedings" to determine if the appeal is "wholly frivolous." Id. If we concur in counsel's evaluation of the case, we may grant the request to withdraw and dismiss the appeal. Id.

After a thorough review of the record we conclude there are no meritorious

issues for appeal. By pleading guilty, Mr. Gutierrez has waived all non-jurisdictional defenses, and he does not contend that the plea was involuntary and unintelligent. See United States v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003). Mr. Gutierrez was convicted of residential burglary, which is first degree burglary under Cal. Penal Code § 460(a), and punishable "by imprisonment in the state prison for two, four, or six years." Cal. Penal Code § 461. Plainly, the burglary conviction qualifies as a "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). His argument that his residential burglary plea was entered before a municipal court judge lacking authority to accept the plea is of no moment–the fact of his conviction is sufficient, even if the conviction might be subject to collateral attack. Lewis v. United States, 445 U.S. 55, 65 (1980).

Mr. Gutierrez also argues that a 1999 Colorado conviction for criminal mischief should not have been used in calculating his criminal history because his plea to that offense was uncounseled. This argument is without merit given the documentary evidence indicating that Mr. Gutierrez waived his right to counsel in entering the plea to criminal mischief.

Accordingly, we DISMISS the appeal and GRANT counsel's request to withdraw.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge