**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jason Ramont PERKINS,**
**Defendant–Appellant.**

No. 05–5202.

United States Court of Appeals,
Tenth Circuit.

Oct. 3, 2006.

Kevin C. Danielson, Janet S. Reincke, United States Attorney's Office, Tulsa, OK, for Plaintiff–Appellee.

Barry L. Derryberry, Assistant Federal Public Defender, Federal Public Defender Office, Tulsa, OK, for Defendant–Appellant.

Before HENRY, BRISCOE, and O'BRIEN, Circuit Judges.

### ORDER AND JUDGMENT[*]

MARY BECK BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-

mously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Jason Ramont Perkins filed a pro se notice of appeal regarding his criminal case. Perkins' counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and moved for leave to withdraw as counsel. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, grant the motion to withdraw, and dismiss the appeal.

Subsequent to the district court's denial of his motion to suppress evidence obtained through the execution of a warrant, Perkins pled guilty, without the benefit of a written plea agreement, to conspiracy to sell and possess stolen firearms in violation of 18 U.S.C. § 371, possession of a firearm and ammunition after the former conviction of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession of stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The presentence report (PSR) calculated an advisory guideline range of seventy to eighty-seven months of imprisonment. Perkins did not object to the PSR and made no objections at sentencing. His counsel requested only that the court sentence him at the low end of the guideline range. Complying with this request, the district court determined that the sentence should be seventy months, and reduced the term by an additional fifteen months in light of an undischarged sentence in a case which was relevant conduct to the federal sentence. Perkins was thus sentenced to fif-

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ty-five months' imprisonment for each count, to be served concurrently, followed by three years of supervised release for each count, also to be served concurrently.

Counsel for Perkins filed an *Anders* brief. Pursuant to *Anders,* "if counsel finds [a defendant's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." *Id.* at 744, 87 S.Ct. 1396. Upon receiving an *Anders* brief, we are required to conduct "a full examination of all the proceedings" and "decide whether the case is wholly frivolous." *Id.* If the case is frivolous, we may grant counsel's request to withdraw and dismiss the appeal. *Id.* If, on the other hand, we find "any of the legal points arguable on their merits," we "must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

Here, in his *Anders* brief, counsel asserts that this case raises no arguably appealable issues. Counsel specifically notes that there is no indication that Perkins intended to appeal his guilty plea, there was no error in the guideline calculations, and that Perkins' sentence was reasonable. Counsel certified that he provided copies of his *Anders* brief and his motion to withdraw as counsel to Perkins. Neither Perkins nor the government has filed a response brief. After fully examining the record and counsel's brief, we conclude this appeal is wholly frivolous.

■ As an initial matter, there is no indication whether Perkins intended to appeal the denial of his motion to suppress, withdraw his guilty plea, or appeal the guideline calculations or the reasonableness of his sentence. In any event, because Perkins entered an unconditional guilty plea, he failed to reserve the right to have the denial of his pretrial motion to suppress reviewed. Fed.R.Crim.P.

11(a)(2); *United States v. Salazar,* 323 F.3d 852, 856 (10th Cir.2003).

Moreover, in the absence of a waiver of the right to appeal in a plea agreement, a plea may be set aside on direct appeal if the court holds it was not knowing and voluntary. Fed.R.Crim.P. 11(e); *United States v. Asch,* 207 F.3d 1238, 1242 (10th Cir.2000). Having carefully reviewed the record, including the petition to enter guilty plea, we see no basis for such a claim here.

■ As to the guideline calculations, because Perkins did not object to the calculations of the district court, we review only for plain error. *United States v. Tisdale,* 248 F.3d 964, 981 (10th Cir.2001). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez–Huerta,* 403 F.3d 727, 732 (10th Cir.2005) (internal quotation marks omitted). Here, we need not consider more than the first prong as the district court did not err in its guideline calculations. Grouping all three counts together, the district court calculated Perkins' base offense level for violations of 18 U.S.C. §§ 371, 922(g)(1) and (j), and 924(a)(2) to be twenty, because Perkins had one felony conviction for a controlled substance offense. *See* U.S.S.G. §§ 2K2.1(a)(4)(A) and 3D1.2(b) and (d). The district court next determined that the offense involved between eight and twenty-four firearms, thereby triggering a four-level increase, and that those firearms were stolen, resulting in an additional two-level increase. *See* U.S.S.G. §§ 2K2.1(b)(1)(B) and (b)(4). Applying a three-level deduction for Perkins' timely acceptance of responsibility, this yielded a total offense level of twenty-three, coupled with a criminal history category of IV, setting a guideline imprison-

ment range of seventy to eighty-seven months. *See* U.S.S.G. §§ 3E1.1(a)-(b) and 5A. In compliance with the request of Perkins' counsel, the district court determined that the sentence should be seventy months and, according to U.S.S.G. § 5G1.3(b), reduced the term by fifteen months to account for an undischarged sentence in a case relevant to the federal sentence. The district court also imposed a three year term of supervised release and a $3,000 fine. *See* 18 U.S.C. § 3583(b)(2); U.S.S.G. §§ 5D1.2(a)(2) and 5E1.2(c)(3). We conclude the district court committed no error in these calculations.

 Last, as to the reasonableness of Perkins' sentence, we review this issue under the plain-error standard and again conclude the district court committed no error. *United States v. Lopez–Flores,* 444 F.3d 1218, 1221 (10th Cir.2006). After *Booker,* we review sentences for reasonableness. *United States v. Kristl,* 437 F.3d 1050, 1055 (10th Cir.2006). The district court meted out the minimum guideline sentence as requested by Perkins' counsel, which the court then reduced for an undischarged sentence. The district court also throughly considered the factors delineated in 18 U.S.C. § 3553(a). We conclude Perkins' sentence was reasonable and not subject to attack as plain error.

Because Perkins has not shown any meritorious grounds for appeal, we GRANT his counsel's request to withdraw and DISMISS the appeal. Appellant's motion to supplement the record is denied as moot.