**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

RAFAEL LOERA GAMBOA,
also known as Crook,

        Defendant-Appellant.

No. 06-6194
(D.C. No. 04-CR-0179-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LUCERO**, and **HARTZ**, Circuit Judges.

---

The government has filed a motion to enforce the plea agreement with

defendant Rafael Loera Gamboa. In the agreement, Mr. Gamboa waived his right

to appeal his conviction and sentence on the charge of conspiring to distribute

controlled substances. Mr. Gamboa's attorney does not oppose the motion to

enforce; he has moved to withdraw as counsel of record. Mr. Gamboa objects to

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his attorney's position. He has filed a pro se response to the government's motion to enforce, which we construe liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Mr. Gamboa contends that he was coerced into entering a guilty plea by various prosecutorial decisions, including placing him in the same holding cell as a codefendant and others involved in the drug conspiracy. Mr. Gamboa claims he was stabbed as a consequence. He also maintains that his attorney and the federal district court judge conspired to coerce him to plead guilty. In addition, he apparently asserts that he was not given adequate consideration for his cooperation in the investigation of the drug conspiracy and other criminal cases.

This court will enforce a criminal defendant's waiver of his right to appeal so long as the following three elements are satisfied: (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) the defendant's waiver of his appellate rights was knowing and voluntary, and (3) enforcing the waiver will not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

Mr. Gamboa opposes the motion to enforce based only on the second and third *Hahn* factors. Therefore, we do not address the first factor. *See United*

*States v. Porter*, 405 F.3d 1136, 1143 (10th Cir.) (declining to address *Hahn* factor not contested by defendant), *cert. denied*, 126 S. Ct. 550 (2005).[1]

*Knowing and Voluntary Waiver*

Mr. Gamboa asserts that his consent to the plea agreement and waiver of appellate rights was not knowing and voluntary. To evaluate this assertion, we consider "whether the language of the plea agreement states that [he] entered the agreement knowingly and voluntarily" and whether there is "an adequate Federal Rule of Civil Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. It is Mr. Gamboa's burden to demonstrate record evidence showing that he did not understand the waiver. *Id.* at 1329.

Mr. Gamboa has failed to meet his burden. The plea agreement clearly described the charge to which he pled guilty, the factual basis for the charge, and the maximum penalty. In addition, the agreement stated that Mr. Gamboa "knowingly and voluntarily waive[d] his right to . . . [a]ppeal or collaterally challenge his guilty plea and any other aspect of his conviction." Mot. to Enforce, Attach. 2, at 7.

Moreover, at the plea colloquy, Mr. Gamboa stated that his guilty plea was "made voluntarily and completely of [his] own free choice." *Id.*, Attach. 3, at 6. In addition, he stated that he understood that he gave up his right to plead not

---

[1]    Nevertheless, it is clear that this appeal falls within the scope of the waiver of appellate rights.

guilty, that he was satisfied with the services of his attorney, that his attorney gave him appropriate advice with regard to his guilty plea, and that he gave up his right to appeal. *Id.* at 13-15. He also described his participation in the drug conspiracy on which his guilty plea was based, thus providing an adequate factual basis for the plea. *See id.* at 16-19. Finally, he declined the district court's invitation to ask further questions or address any concerns. *Id.* at 19.

Mr. Gamboa has presented no evidence to demonstrate that he did not understand the waiver. His conclusory claims that his attorney and the district judge colluded to coerce him into pleading guilty are belied by his statement that he was satisfied with his attorney's services and by the free and open exchange between Mr. Gamboa and the judge. *See id. passim*. Based on this record we conclude that Mr. Gamboa knowingly and voluntarily waived his right to appeal his guilty plea.

*Miscarriage of Justice*

Construing Mr. Gamboa's pro se pleading liberally, we also consider whether enforcing the waiver will result in a miscarriage of justice.

> Miscarriage of justice results where: 1) the district court relied on an impermissible factor such as race; 2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; 3) the sentence exceeds the statutory maximum; or 4) the waiver is otherwise unlawful. To satisfy the last factor, the error must seriously affect the fairness, integrity or public reputation of judicial proceedings.

*United States v. Maldonado*, 410 F.3d 1231, 1233 (10th Cir.) (per curiam) (quotations, alterations, and citation omitted), *cert. denied*, 126 S. Ct. 577 (2005).

Mr. Gamboa contends that he gave valuable information, at great risk to himself and his family, to a California police officer and other authorities. He claims that in exchange for that information, the charges were to have been dismissed. He further claims that he was required to file a pro se motion to dismiss the indictment because his attorney refused his instruction to do so.[2] We construe these arguments as a claim that the waiver is unlawful.

The events of which Mr. Gamboa complains occurred prior to his guilty plea. By his knowing and voluntary guilty plea, Mr. Gamboa waived the claims based on those events because they do not challenge the district court's jurisdiction. *See United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003) ("[I]t is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses."). Accordingly, we conclude that Mr. Gamboa has not met his burden to persuade this court that the waiver seriously affected the fairness, integrity or public reputation of the judicial proceedings. *See Maldonado*, 410 F.3d at 1233 (holding defendant bears burden of persuasion that enforcement of waiver is unlawful).

---

[2] We do not address Mr. Gamboa's bald assertions that the record was tampered with to his detriment. Even so, he has not shown how any alleged alteration affected his plea agreement.

*Conclusion*

We GRANT Attorney Shannonhouse's motion to withdraw as counsel for Mr. Gamboa and the government's motion to enforce the plea agreement. Appeal DISMISSED. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM