**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

HUGO SNYDER-AGUIRRE,

  Defendant-Appellant.

No. 07-2102

(D.C. No. 05-CR-1612-BB)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **BALDOCK**, and **McCONNELL**, Circuit Judges.

I.

Defendant Hugo Snyder-Aguirre was indicted on, among other things, one count of illegal reentry of a previously deported alien in violation of 8 U.S.C. § 1326(a)(1), and one count of assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1). Prior to the scheduled trial, Defendant's third appointed counsel (in the course of nine months) moved the district court for permission to file a motion in limine which Defendant prepared himself and insisted on presenting to the Court. Defendant's proffered motion suggested the Government denied him due process of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

law in the context of his anticipated civil deportation proceeding, which, in turn, tainted his criminal prosecution. Following the district court's denial of Defendant's motion in limine, Defendant entered a conditional guilty plea to the two aforementioned counts. See Fed. R. Crim. P. 11(a)(2). Defendant pled guilty subject only to the reservation in a plea agreement of (1) his right to appeal the denial of his motion in limine and (2) his right to collaterally attack his conviction based on ineffective assistance of counsel. The district court sentenced Defendant to seventy months imprisonment, and he appealed. On appeal, Defendant – now represented by a fourth appointed counsel – argues (1) the district court denied him the right to proceed pro se at the motion in limine hearing, and (2) his counsel was ineffective in performing a "hybrid representation" at the hearing which did not allow a full exposition of Defendant's arguments, both in violation of his Sixth Amendment rights. We dismiss Defendant's appeal.

## II.

Generally, a defendant who has acknowledged in open court that he is in fact guilty of the offense with which he is charged may not thereafter raise independent claims relating to the deprivation of constitutional rights *occurring prior to the entry of his guilty plea*:

> "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred

2

> prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not [competent]"

United States v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)). Under Fed. R. Crim. P. 11(a)(2), a defendant, with the consent of the Government and district court, may enter a conditional guilty plea, reserving in writing the right to have us review an adverse determination of a specified pretrial motion. See United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004). The question in this case is whether Defendant's reservation of his right to appeal the denial of his motion in limine extends to his Sixth Amendment arguments. In other words, Defendant may advance his Sixth Amendment arguments only if he did not waive them by pleading guilty. In deciding this question, we ask "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

## III.

In his opening brief, Defendant only obliquely touches upon the substantive merits of his motion in limine for the obvious reason that his motion was meritless. Nor does he assert that his waiver of his appellate rights as part of his guilty plea was unknowing or involuntary. Instead, Defendant claims he was deprived of his

3

Sixth Amendment right to the assistance of counsel. But Defendant did not reserve the right to appeal the denial of this Sixth Amendment rights. The arguments which Defendant presents to us on appeal simply have nothing to do with the merits of his motion in limine. If Defendant's counsel got stuck in a "hybrid representation" situation to Defendant's detriment, if counsel failed to present evidence favorable to Defendant, or if counsel failed to properly argue Defendant's motion in limine, Defendant may raise those claims, consistent with the terms of his plea agreement, on collateral review pursuant to 28 U.S.C. § 2255. See United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). No miscarriage of justice could possibly occur by our failure to address Defendant's Sixth Amendment arguments at this stage.

APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge