FILED
United States Court of Appeals
Tenth Circuit

June 11, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VICTOR CANALES-MEDINA,

    Defendant-Appellant.

No. 08-3266
(D.Ct. No. 2:07-CR-20166-JWL-1)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]

Before **BRISCOE, BRORBY,** and **McCONNELL**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.


Defendant-Appellant Victor Canales-Medina pled guilty, without a written

plea agreement, to one count of illegal reentry after deportation following a

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

felony conviction, pursuant to 8 U.S.C. § 1326(a) and (b)(2), and received a sentence of forty-six months imprisonment. He now appeals his conviction on grounds the district court abused its discretion in denying his motion to suppress evidence obtained during a second interview following an initial interview in which he was not advised of his *Miranda* rights and made incriminating statements. In raising this issue, he claims the district court impermissibly failed to follow the Supreme Court's decision in *Missouri v. Seibert*, 542 U.S. 600 (2004). In response, the government seeks dismissal of the appeal on appellate waiver grounds, which we construe as a motion to dismiss. We grant the government's motion and dismiss Mr. Canales-Medina's appeal.[1]

I. Factual and Procedural Background

While our resolution of Mr. Canales-Medina's appeal is based on waiver grounds, we nevertheless recount facts on which the district court relied for the purpose of explaining the charge on which Mr. Canales-Medina was convicted and presenting the suppression issue he raises on appeal. In addressing the appellate waiver issue, we recount Mr. Canales-Medina's statements to the district court during his plea hearing for the purpose of establishing the voluntariness of his guilty plea through which he unconditionally waived his

---

[1] *See United States v. Hahn,* 359 F.3d 1315, 1318 (10th Cir. 2004) (en banc) (per curiam) (explaining where a valid appellate waiver exists, the appeal is dismissed).

appellate rights.

To begin, Mr. Canales-Medina is a Mexican citizen who received convictions in 1997 for two separate felony drug-related offenses. Following his imprisonment, the government deported him back to Mexico in 1998. On December 10, 2007, Kansas City, Kansas police officers arrested Mr. Canales-Medina for driving under the influence of alcohol. Following his arrest, police officers transported him to the Wyandotte County Jail where Mr. Canales-Medina identified himself with a fictitious name, "Rolando Medina," and officials took his photograph and fingerprints in conjunction with standard booking procedure. After he arrived at the jail, Mr. Canales-Medina paid the $100 bond required and a bonding official wrote out a receipt an hour later. Meanwhile, authorities ran the name "Rolando Medina" through the database for the National Crime Information Center (NCIC) and discovered Mr. Canales-Medina's true identity through his fingerprints.

As a result, booking officials continued to detain Mr. Canales-Medina and conducted another search of the NCIC database using his real name; they then received information he was a deported felon. Based on this information, they contacted an Immigration and Customs Enforcement (ICE) agent who interviewed Mr. Canales-Medina in the jail; the agent later testified he did not advise Mr.

Canales-Medina of his *Miranda* rights because he considered it an administrative interview. During the interview Mr. Canales-Medina admitted he had previously been deported.

Following the interview, the agent received Mr. Canales-Medina's "Alien File" (A-File), which contained a record of his prior convictions and deportation. The agent later testified he did not discover the specific reason for Mr. Canales-Medina's previous deportation until receiving and reading that file. The same agent interviewed Mr. Canales-Medina again on December 13, 2007, at which time the agent provided him with a *Miranda* warning in both English and Spanish, after which Mr. Canales-Medina signed a waiver of his *Miranda* rights, provided his fingerprint, and admitted in writing to having previously been deported and convicted of a crime in the United States.

Following his indictment for illegal reentry after deportation following a felony conviction, Mr. Canales-Medina filed a motion to suppress his statements and information on his immigration status obtained on December 10, 2007, claiming any information obtained on that date should be suppressed, based on: (1) his alleged illegal four-hour detention in jail after paying his bond; and (2) failure to receive the required *Miranda* warning. He also sought suppression of the information obtained from his second interview on December 13, 2007,

claiming the initial interview conducted without a *Miranda* warning negated the voluntariness of the second interview under the standard set forth in *Missouri v. Seibert*.

The district court held a hearing on Mr. Canales-Medina's motion to suppress and, thereafter, in a comprehensive Memorandum and Order, granted, in part, and denied, in part, his motion to suppress. It determined any information obtained as a result of the booking procedure and detention should not be suppressed based on its findings that the length of Mr. Canales-Medina's detention was reasonable under the circumstances and officials lawfully obtained Mr. Canales-Medina's initial fingerprints in the course of booking him for his driving under the influence arrest. However, the district court granted Mr. Canales-Medina's motion to suppress in regard to any statements he made in his first interview, on December 10, 2007, determining a *Miranda* warning should have been given. It then determined his A-File, obtained from the NCIC search, would inevitably have been discovered, even if he had not been interrogated, and therefore should not be suppressed.

Finally, the district court denied Mr. Canales-Medina's motion to suppress his written admissions from his second interview on December 13, 2007. In denying his motion, the district court relied on *Oregon v. Elstad*, 470 U.S. 298,

318 (1985), in holding the admissibility of Mr. Canales-Medina's subsequent admissions turned on whether he knowingly and voluntarily waived his *Miranda* rights. It then determined the government carried its burden in showing Mr. Canales-Medina knowingly and voluntarily waived those rights. The district court also discussed the Supreme Court's decision in *Missouri v. Seibert*, in which a police officer deliberately failed to give a defendant a *Miranda* warning until after she confessed and then questioned her again, eliciting yet another confession following the warning. *See* 542 U.S. at 604-05, 612. The district court outlined five factors it believed *Seibert* requires the courts to apply in a deliberate "question-first" circumstance, but determined they did not apply in the instant case based on its finding the ICE agent did not deliberately fail to provide a *Miranda* warning in order to circumvent the *Miranda* safeguards or elicit a confession from Mr. Canales-Medina; rather, the district court found the agent failed to provide the warning because he mistakenly thought he did not need to provide a warning because he considered the initial interview administrative in nature. *See id.* at 611, 614-15.

Following the district court's ruling on his motion to suppress, Mr. Canales-Medina pled guilty. During the plea hearing, Mr. Canales-Medina's attorney verified Mr. Canales-Medina intended to enter a plea of guilty to the charge in the indictment without any written plea agreement. The district court

then conducted a Rule 11 colloquy with Mr. Canales-Medina, advising him it would ask him questions for the purpose of ascertaining whether his guilty plea was knowingly and voluntarily made.

During the colloquy, Mr. Canales-Medina acknowledged, among other things, that he: (1) had a ninth-grade education; (2) had never been treated for mental illness and was not under the influence of any drug, medication, or alcoholic beverage; (3) had discussed his guilty plea with his attorney and was fully satisfied with his counsel's representation and advice; (4) understood that by pleading guilty he was waiving certain guaranteed Constitutional rights, including the right to a trial; (5) understood the punishment ranges established by statute and the sentencing process as explained to him by his counsel and the district court; (6) acknowledged the district court could not determine his exact sentence until a later date and confirmed no one made any promises or guarantees about his sentence; and (7) understood that by pleading guilty he would likely be deported following incarceration and would be prohibited from reentering the United States. In discussing his right to appeal and the consequences of pleading guilty without a formal plea agreement, Mr. Canales-Medina stated he understood that under some circumstances he would have the right to appeal but acknowledged, as confirmed by his counsel, that he had been fully informed of the options available to him and the consequences of those options, including those associated with

pleading guilty without a formal written plea agreement, and was still willing to plead guilty. Mr. Canales-Medina also agreed he committed the crime as presented in the facts stated by the government and confirmed he entered his plea of guilty to the charge in the indictment freely and voluntarily.

In addition, Mr. Canales-Medina submitted a petition to enter his plea of guilty, making representations similar to those made at the plea hearing. In accepting his plea, the district court found Mr. Canales-Medina fully competent and capable of entering an informed plea and that his plea of guilty was knowing and voluntary as well as supported in fact as to each element of the offense.

Following the plea hearing, a probation officer prepared a presentence report calculating Mr. Canales-Medina's sentence under the applicable 2007 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). Thereafter, the district court imposed a sentence at the low end of the Guidelines range to forty-six months imprisonment.[2]

---

[2] The probation officer set Mr. Canales-Medina's base offense level at eight, pursuant to U.S.S.G. § 2L1.2(a); increased it sixteen levels, pursuant to § 2L1.2(b)(1)(A), because he had previously been deported following a conviction for a felony drug trafficking offense; and recommended a three-level offense reduction for acceptance of responsibility, for a total offense level of twenty-one. His total offense level, together with his criminal history category of III, resulted in a recommended Guidelines range of forty-six to fifty-seven months imprisonment. Neither the government nor Mr. Canales-Medina filed any

(continued...)

II. Discussion

Mr. Canales-Medina now appeals his conviction on grounds the district court abused its discretion in denying his motion to suppress evidence obtained during his second interview with the ICE agent, who advised him of his *Miranda* rights at that time, but who failed to provide those rights to Mr. Canales-Medina in an earlier interview, during which time Mr. Canales-Medina gave incriminating evidence. In support, he relies on the Supreme Court's decision in *Missouri v. Seibert*, stating the district court impermissibly failed to rely on it in denying his motion. In response, the government moves for dismissal of the appeal on appellate waiver grounds.

We begin by addressing the appellate waiver issue, which is dispositive to this appeal. "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *United States v. Dwyer*, 245 F.3d 1168, 1170 (10th Cir. 2001) (quotation marks and citation omitted). Consequently, a defendant who unconditionally pleads guilty "may not thereafter raise independent claims

---

[2](...continued) objections to the presentence report. However, Mr. Canales-Medina requested a variant sentence under the 18 U.S.C. § 3553(a) sentencing factors based, in part, on his argument that the sixteen-level enhancement overly or severely punished him. After the district court denied Mr. Canales-Medina's request for a variant sentence, it imposed a sentence at the low end of the Guidelines range to forty-six months imprisonment. Mr. Canales-Medina does not appeal his sentence.

relating to the deprivation of constitutional rights that occurred prior to the entry

of the guilty plea." *United States v. Salazar*, 323 F.3d 852, 855-56 (10th Cir.

2003) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).  As a result,

when a defendant voluntarily and unconditionally enters a guilty plea, we have

said he waives all non-jurisdictional defenses and thereby fails to reserve the right

to have the denial of his pretrial motion to suppress reviewed.[3]  *See id.*; Fed. R.

Crim. P. 11(a)(2).

In this case, Mr. Canales-Medina does not challenge the voluntary and

---

[3]  In cases involving written plea agreements, we have adopted a three-prong analysis for determining whether an appellate waiver is enforceable, in which we examine whether:  (1) the disputed appeal falls within the scope of the waiver of appellate rights; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would result in a miscarriage of justice.  *See United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1214 (10th Cir. 2008); *Hahn*, 359 F.3d at 1325.  Under the third prong, a miscarriage of justice occurs in situations where:  (1) the district court relied on an impermissible factor such as race; (2) ineffective assistance of counsel resulted in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful.  *See Hahn,* 359 F.3d at 1327.  This list is exclusive and an appellate waiver will not result in a miscarriage of justice unless one of these four situations occurs.  *See United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008).  As to the fourth situation, concerning a waiver being "otherwise unlawful," we do not look to "whether another aspect of the proceeding may have involved legal error" but look only "to whether the *waiver* [itself] is otherwise unlawful."  *Id.* (quotation marks and citation omitted).  Even if we applied these exceptions here, where no plea agreement exists, Mr. Canales-Medina has not raised any exception nor does the record reveal that any would apply.  Instead, he contends the district court abused its discretion in denying his motion to suppress, which is not within one of the recognized exceptions we consider in determining whether a waiver is unlawful.

intelligent character of his unconditional guilty plea, and a review of the record on appeal presents no such issue. Instead, a review of both his petition to enter his plea of guilty and the transcript of the plea hearing indicate his plea was both knowing and voluntary. Consequently, we are precluded on waiver grounds from conducting an appellate review of the merits of the district court's denial of Mr. Canales-Medina's motion to suppress evidence obtained during his second interview with the ICE agent on December 13, 2007.

III. Conclusion

For the foregoing reasons, we **GRANT** the government's motion to dismiss on appellate waiver grounds and **DISMISS** Mr. Canales-Medina's appeal.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge