FILED
United States Court of Appeals
Tenth Circuit

November 1, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

HUGO CHAVEZ-CADENAS,

      Defendant-Appellant.

No. 10-3224
(D.C. Nos. 2:09-CR-20005-KHV-10
and 2:10-CV-02402-KHV)
(D. Kan.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Hugo Chavez-Cadenas pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846. Rather than filing a direct appeal, Mr. Chavez-Cadenas filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, arguing that evidence linking him to the drug conspiracy should have been suppressed under the Fourth Amendment. The district court denied his motion and his subsequent request for a certificate of appealability (COA).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Chavez-Cadenas now seeks a COA from this court to permit an appeal of the district court's denial of his § 2255 motion. A COA will not issue unless the applicant makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Mindful of the solicitous construction to be afforded Mr. Chavez-Cadenas's *pro se* filings, *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we nonetheless conclude that no reasonable jurist could doubt the correctness of the district court's disposition. By pleading guilty, Mr. Chavez-Cadenas waived his Fourth Amendment claims — the only claims brought before us. *See United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003) (holding that a § 2255 petitioner waived his Fourth Amendment claims by entering a voluntary guilty plea), *citing Tollet v. Henderson*, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary

and intelligent character of the guilty plea by showing that the advice he received from counsel was not [competent].").  Based on the plea petition, plea agreement, and Rule 11 colloquy, the district court found that Mr. Chavez-Cadenas's plea was knowing and voluntary.  And before us, Mr. Chavez-Cadenas doesn't challenge any of this, identifying no alleged deficiency in his plea or the plea process.

For these reasons, we deny Mr. Chavez-Cadenas's application for a COA and dismiss this appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge