**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JUVON THOMAS FULTON, a/k/a
"Shaft",

      Defendant-Appellant.

No. 10-1547
(D.C. No. 1:10-CR-00082-CMA-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Juvon Thomas Fulton pleaded guilty and was convicted of two charges

arising from his involvement in a conspiracy to distribute 50 grams or more of

cocaine base. 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1) & 846. He faced a

mandatory minimum sentence of 20 years. Despite this mandatory minimum, the

government agreed to ask the district court for a sentence of 160 months because

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of his cooperation and pursuant to authority given to it by Congress under 18 U.S.C. § 3553(e) & U.S.S.G. § 5K1.1. The district court ultimately granted the government's motion and sentenced Mr. Fulton to 160 months in prison followed by a term of supervised release. Now the case is before us and Mr. Fulton's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising us that he discerns no colorable basis for an appeal and seeking leave to withdraw.

*Anders* authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after a conscientious examination," the lawyer finds the appeal "wholly frivolous." *Id.* at 744. Invoking *Anders* requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). The client may then submit his own arguments for the court's consideration. *Calderon*, 428 F.3d at 930. And we must then "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id.* If they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

In his *Anders* brief, Mr. Fulton's counsel identifies three potential points of appeal in this case but represents that all would be pointless, lacking any merit. Despite being afforded opportunity to do so, Mr. Fulton has not submitted any materials disputing this analysis or identifying any other additional arguments he

would like to pursue. Similarly, the government has indicated its intent not to respond to the *Anders* brief. After our own independent review, we agree with Mr. Fulton's counsel that any appeal in this case would be fruitless.

*First*, the *Anders* brief points out that Mr. Fulton has no grounds on which to appeal his conviction. This is because he entered an unconditional plea of guilty, and thereby waived all non-jurisdictional defenses to the conviction. *See United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003).

*Second*, though the district court imposed a below-mandatory-minimum sentence, the *Anders* brief raises the possibility that Mr. Fulton might challenge the procedural reasonableness of his sentence by alleging the district court failed to consider adequately the possibility of an even lower sentence in light of the factors outlined in 18 U.S.C. § 3553(a). But, as counsel notes, where a district court imposes a below-mandatory-minimum sentence under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K.1.1, our precedent precludes it from varying downward further using the § 3553(a) factors to do so. *See United States v. A.B.*, 529 F.3d 1275, 1284-85 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 440 (2008). Even were our precedent otherwise, counsel notes that Mr. Fulton did not object to the district court's failure to address adequately the possibility of a further reduction using the § 3553(a) factors — and that Mr. Fulton could not show the district court plainly erred by failing to do so. In fact, as counsel acknowledges, the district court *did* carefully consider the § 3553(a) factors on the record before concluding

that, "[e]ven if I did have the authority to grant a variance" based on the § 3553(a) factors one was not warranted in light of the facts and circumstances of Mr. Fulton's case. R.O.A. Vol. 3 at 57.

*Third*, the *Anders* brief suggests Mr. Fulton might seek to challenge the substantive reasonableness of his sentence. But, as counsel notes, that argument, too, is foreclosed by *A.B.*, which limits the authority of the district court to vary any lower than it did from the guidelines — and by the sound analysis the district court offered in the alternative for declining to grant any further variance in light of the § 3553(a) factors.

Counsel's motion to withdraw is granted and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

- 4 -