**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

EDUARDO BANUELOS-BARRAZA,

      Defendant-Appellant.

No. 10-4125
(D.C. No. 2:09-CR-108-TC-2)
(D. Utah)

---

**ORDER**

---

Before **LUCERO**, **GORSUCH**, and **MATHESON**, Circuit Judges.

---

The order and judgment filed March 31, 2011, has been amended. The amended order and judgment, filed nunc pro tunc to the original filing date, is attached to this order.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk

FILED
United States Court of Appeals
Tenth Circuit

March 31, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDUARDO BANUELOS-BARRAZA,

Defendant-Appellant.

No. 10-4125
(D.C. No. 2:09-CR-108-TC-2)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **GORSUCH**, and **MATHESON**, Circuit Judges.

---

Eduardo Banuelos-Barraza pleaded guilty to one count of possession of

cocaine with intent to distribute and one count of reentering as a previously

removed alien. The district court then sentenced Mr. Banuelos-Barraza to 46

months in prison followed by 60 months supervised release. Trial counsel

subsequently withdrew from the case, but filed a notice of appeal before she did.[1]

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Banuelos-Barraza's appellate counsel points out that the notice of

(continued...)

Mr. Banuelos-Barraza's newly appointed appellate counsel has now filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising us that she discerns no colorable basis for the appeal and seeking leave to withdraw.

*Anders* authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after a conscientious examination," the lawyer finds the appeal "wholly frivolous." 386 U.S. at 744. Invoking *Anders* requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). The client may then submit his own arguments for the court's consideration. *Id.* And we must then "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id.* If they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

In her *Anders* brief, Mr. Banuelos-Barraza's current counsel identifies three potential points of appeal in this case: the district court's decision denying Mr. Banuelos-Barraza's motion to suppress; the reasonableness of the sentence the

---

[1](...continued)
appeal was not timely filed, coming one day after the 14 day period afforded by Fed. R. App. P. Rule 4(b)(1)(A). This rule is not jurisdictional, however, *see United States v. Garduno*, 506 F.3d 1287, 1290-91 (10th Cir. 2007), and we have declined to enforce it *sua sponte* in circumstances similar to these, *see United States v. Mitchell*, 518 F.3d 740, 750-51 (10th Cir. 2008). Mr. Banuelos-Barraza's motion to modify the record on appeal is mooted by this ruling.

district court chose; and the effectiveness (or ineffectiveness) of trial counsel. All three lines of attack, counsel argues, would be pointless, lacking any merit. Despite being afforded opportunity to do so, Mr. Banuelos-Barraza has not submitted any materials disputing this analysis or identifying any other additional arguments he would like to pursue. Similarly, the government has indicated by letter its intent not to respond to the *Anders* brief. After our own independent review of the record, we agree with Mr. Banuelos-Barraza's counsel that any appeal in this case would be fruitless.

*First*, the *Anders* brief points out that Mr. Banuelos-Barraza cannot appeal the denial of his motion to suppress. This is because he entered an unconditional plea of guilty, and thereby waived all non-jurisdictional defenses to his conviction. We are constrained by precedent to agree. *See United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003).

*Second*, the *Anders* brief raises the possibility that Mr. Banuelos-Barraza might challenge his sentence. But our review of Mr. Banuelos-Barraza's sentence, which is at the bottom of the advisory guidelines range, confirms counsel's assessment that it is neither procedurally nor substantively unreasonable. We therefore agree with Mr. Banuelos-Barraza's counsel that this avenue of appeal would be unavailing as well.

*Third*, the *Anders* brief raises the possibility that Mr. Banuelos-Barraza might argue his trial counsel was ineffective. The brief correctly notes, however,

that except in extraordinary circumstances claims of ineffective assistance of counsel "should be brought in collateral proceedings rather than on direct appeal from a conviction." *See United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006). And, like counsel, we discern no reason why we would depart from that rule in this case.

Counsel's motion to withdraw is granted and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge