**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

HAROLD WALLACE, a/k/a Chico,
a/k/a Pone,

     Defendant-Appellant.

No. 13-3000

(D.C. No. 2:12-CV-02382-JWL and
2:07-CR-20168-JWL-13)
(D. Kan.)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **BRISCOE,** Chief Judge, **ANDERSON** and **TYMKOVICH**, Circuit
Judges.

---

Harold Wallace, a federal prisoner proceeding through counsel, requests a

certificate of appealability (COA) to appeal the district court's denial of his

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

We deny a COA and dismiss this matter.

**I**

In April 2009, Harold Wallace pleaded guilty to a charge of conspiracy to

manufacture, to possess with intent to distribute, and to distribute 50 grams or

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of cocaine, and a charge of attempted possession with the intent to distribute cocaine. The district court sentenced Wallace to 300 months' imprisonment for the first charge and 240 months' imprisonment for the second charge, to be served concurrently.

Wallace, through his retained trial counsel, filed a notice of appeal with this court, but his trial counsel withdrew shortly thereafter. Wallace's new court-appointed appellate counsel argued to this court that the direct appeal should be dismissed so that Wallace can raise ineffective assistance of counsel claims in a collateral 28 U.S.C. § 2255 proceeding in district court. Noting that both parties agreed that ineffective assistance of counsel claims must ordinarily be raised in a collateral 28 U.S.C. § 2255 proceeding, and that neither Wallace nor the government raised an exception to this general rule, we dismissed Wallace's direct appeal. See United States v. Wallace, 427 F. App'x 690 (10th Cir. 2011).

Wallace then filed a pro se § 2255 motion to vacate, set aside, or correct his sentence with the district court. Wallace alleged seven grounds for relief in his § 2255 motion, including claims of ineffective assistance of trial and appellate counsel, and claims that the district court committed sentencing errors. App. at 60. In his fourth ground for relief, Wallace asserted that his appellate counsel's performance was constitutionally deficient because he failed to raise numerous issues on direct appeal. The district court denied Wallace's § 2255 motion.

2

Wallace appeals from the district court's dismissal of his § 2255 motion, arguing that his previous appellate counsel was ineffective when he failed to file a brief pursuant to Anders v. California, 386 U.S. 738 (1967), after deciding not to pursue the direct appeal. Aplt. Br. at 2.

**II**

Pursuant to 28 U.S.C. § 2253(c)(1), a petitioner seeking a COA must make a "substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). We will grant a COA only if the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Wallace challenges the district court's denial of his § 2255 motion, arguing that the district court erred in finding that his appellate counsel was effective even though his appellate counsel decided that no appealable issues existed and failed to file a Anders brief. Aplt. Br. at 7. "Anders authorizes a defendant's [appointed] lawyer to seek permission to withdraw from an appeal if, 'after a conscientious examination,' the lawyer finds the appeal 'wholly frivolous.'" United States v. Banuelos-Barraza, 639 F.3d 1262, 1263 (10th Cir. 2011) (quoting Anders, 386 U.S. at 744). Under Anders, the lawyer's request to withdraw "must . . . be accompanied by a brief referring to anything in the record that might

3

arguably support the appeal." Anders, 386 U.S. at 744.  A petitioner need not demonstrate that he was prejudiced by the loss of counsel's assistance through an Anders violation, which means that a petitioner may be afforded habeas relief based on an Anders violation even if there are "no grounds for reversal" and "the Anders violation could not have had an adverse effect on the outcome of the proceeding."  See United States v. Snitz, 342 F.3d 1154, 1158-59 (10th Cir. 2003).

Wallace's appellate counsel did not file an Anders brief.  Instead, Wallace's appellate counsel filed a brief with this court, explaining that Wallace had expressed concerns about the trial counsel's representation, and that the more advisable approach would be to present evidence of ineffective assistance of counsel in a habeas corpus proceeding before the district court.  App. at 33. Wallace argues that because his appellate counsel found no merit to the appeal but failed to follow the Anders procedures, he was deprived of his constitutional right to counsel and did not receive an opportunity to file a pro se supplemental brief.  Aplt. Br. at 12-13.

Wallace did not raise this Anders argument to the district court in his § 2255 motion, which he filed pro se.[1]  In his § 2255 motion, Wallace argued that

---

[1]  Because Wallace filed his § 2255 motion pro se, we liberally construe his § 2255 motion but we do not assume the role of advocate.  United States v. Viera, 674 F.3d 1214, 1216 n.1 (10th Cir. 2012) (citing Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

4

his appellate counsel was ineffective because his counsel failed to raise numerous

issues on direct appeal:

> All of the issues raised in this Addendum are sufficient to have been raised in movant's direct appeal. Why appellate counsel failed to raise ANY issues (with the exception of [ineffective assistance of counsel]) is beyond the understanding of movant[.]  Nevertheless, since PREJUDICE NEED NOT BE SHOWN for this ground, movant simply submits that his counsel was clearly ineffective for failing to raise any issues in his direct appeal . . . .

App. at 98.  As a result, the district court, in its order denying Wallace's § 2255

motion, did not address whether Wallace's appellate counsel violated <u>Anders</u>:

> Mr. Wallace has not shown that his appellate counsel's performance with respect to Mr. Wallace's direct appeal was deficient.  His counsel clearly considered the issues that Mr. Wallace might challenge—including the issues identified by Mr. Wallace here—and expressly preserved those issues by not raising them in the direct appeal but by permitting Mr. Wallace to flesh out the issues in habeas proceedings—proceedings which he can then challenge before the Circuit.  Indeed, because the issues identified by Mr. Wallace call into question his trial counsel's performance, if his appellate counsel had raised those issues on direct appeal, then Mr. Wallace would have been foreclosed from pursuing § 2255 review of those same issues.  In any event, Mr. Wallace has not shown that any of the issues he believes should have been raised on direct appeal had merit.  Without pointing to a winning argument passed over by his attorney, Mr. Wallace cannot make a case for ineffective assistance on appeal.

<u>Id.</u> at 140 (quotation and citations omitted).

Because Wallace did not raise the <u>Anders</u> issue in district court, "we adhere to our general rule against considering issues for the first time on appeal." <u>United States v. Viera</u>, 674 F.3d 1214, 1220 (10th Cir. 2012). We adhere to this general rule even when "an appellant is attempting to raise . . . 'a new theory on appeal that falls under the same general category as [a previous] argument.'" <u>McDonald v. Kinder–Morgan, Inc.</u>, 287 F.3d 992, 999 (10th Cir. 2002) (quoting <u>Lyons v. Jefferson Bank & Trust</u>, 994 F.2d 716, 722 (10th Cir. 1993)); <u>see also</u> <u>Viera</u>, 674 F.3d at 1220 (declining to consider issues raised for the first time on appeal in a <u>pro se</u> § 2255 filing).

### III

For the foregoing reasons, we DENY Wallace's request for a COA, and we DISMISS this matter.

Entered for the Court

Mary Beck Briscoe
Chief Judge

6