FILED
United States Court of Appeals
Tenth Circuit

February 6, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RAYMUNDO CASTRO-GAXIOLA,

Defendant – Appellant.

No. 14-2162
(D. New Mexico)
(D.C. No. 2:14-CR-01327-RB-1)

---

ORDER AND JUDGMENT[*]

---

Before **PORFILIO**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and Appellant, Raymundo Castro-Gaxiola, seeks to appeal his conviction and sentence following his plea of guilty to one count of conspiracy to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

possess with intent to distribute fifty kilograms or more of marijuana, in violation of 21 U.S.C. § 846 and § 841(b)(1)(C).  His appointed counsel, Assistant Federal Public Defender Nia Rucker, has filed an <u>Anders</u> brief and has moved to withdraw as counsel.  <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967).  Mr. Castro-Gaxiola has declined to file a *pro se* response to that brief, and the government has also declined to file a brief.  We therefore base our conclusion on counsel's brief and our own careful review of the record.  For the reasons set forth below, we agree with Ms. Rucker that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant her motion to withdraw and we dismiss this appeal.

Following Mr. Castro-Gaxiola's guilty plea, and in preparation for his sentencing under the United States Sentencing Commission, <u>Guidelines Manual</u> ("U.S.S.G."), the United States Probation Office prepared a presentence report ("PSR").  The PSR calculated Mr. Castro-Gaxiola's advisory sentencing range as twenty-seven to thirty-three months, based on an offense level of 17 and a criminal history category of II.  Mr. Castro-Gaxiola had two prior convictions for illegal reentry into the United States.

At his sentencing hearing, Mr. Castro-Gaxiola did not object to the Guidelines' calculations.  The government agreed that he should receive a two-level reduction based on the imminent amendments to U.S.S.G. § 2D1.1, which

went into effect on November 1, 2014.[1] The government also agreed that he was entitled to a one-category reduction in his criminal history category. Mr. Castro-Gaxiola requested a variance from the advisory sentencing range based on his family circumstances (his wife was due to give birth in one month).

The district court granted the two-level reduction in offense level and the one-category reduction in his criminal history category, which resulted in an advisory Guidelines sentencing range of eighteen to twenty-four months. The court rejected Mr. Castro-Gaxiola's request for a variance, however, and sentenced him to eighteen months, at the low end of the advisory range. Mr. Castro-Gaxiola's counsel filed a notice of appeal. As indicated, that counsel has now moved to withdraw as counsel pursuant to Anders.

The Supreme Court's decision in Anders authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after conscientious examination," the lawyer finds the appeal "wholly frivolous." Anders, 386 U.S. at 744. Invoking Anders requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record," and the client has an opportunity to respond to his attorney's arguments. United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744); see also United States v. Banuelos-Barraza, 639 F.3d 1262, 1263 (10th Cir.

_____

[1]The amendments lowered the offense level for most drug quantity offenses, including Mr. Castro-Gaxiola's, under U.S.S.G. § 2D1.1.

2011).  In evaluating the attorney's request to withdraw, we are required to "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous."  Id.  If they are, we may grant counsel's motion to withdraw and dismiss the appeal.  Id.

Applying that standard, we consider counsel's brief and we have conducted our own review of the record.  Counsel states that there "are no meritorious issues raised in this appeal.  The only potential issue is whether Mr. Castro-Gaxiola's 18-month sentence was substantively unreasonable."  Defendant–Appellant's Br. at 7.  We agree that the only potential issue for review is the substantive reasonableness of Mr. Castro-Gaxiola's sentence.

"[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."  United States v. Damato, 672 F.3d 832, 838 (10th Cir. 2012) (internal quotation marks omitted).  We review substantive reasonableness claims for abuse of discretion, id., "afford[ing] substantial deference to [the] district court[]."  United States v. Smart, 518 F.3d 800, 806 (10th Cir. 2008).  A sentence within the properly-calculated Guidelines range is presumed on appeal to be reasonable.  United States v. Alvarez-Bernabe, 626 F.3d 1161, 1167 (10th Cir. 2010).

At sentencing, as indicated above, the district court granted Mr. Castro-Gaxiola his requested reduction in offense level and it reduced his criminal

history category. The court concluded that no further reduction was appropriate, even with the circumstance of Mr. Castro-Gaxiola's pregnant wife. We perceive no abuse of discretion in that determination. It is Mr. Castro-Gaxiola's burden to rebut the presumptive reasonableness of his within-Guidelines sentence; we can conceive of no nonfrivolous argument with which to challenge that sentence.

In short, we discern no meritorious grounds for an appeal. We therefore GRANT counsel's request to withdraw, and we DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge