FILED
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SALVADOR RODRIGUEZ-
RAMIREZ, also known as Salvador
Rodrigues, also known as Salvador
Rodriguess, also known as Salvador
Rodriguez,

Defendant – Appellant.

No. 14-5102
(N. D. Oklahoma)
(D.C. No. 4:14-CR-00060-JHP-1)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Defendant and Appellant, Salvador Rodriguez-Ramirez, seeks to appeal his conviction and sentence following his plea of guilty to illegal reentry into the United States, following a prior deportation/removal after commission of a crime of violence, in violation of 8 U.S.C. § 1326(a) and (b)(2). His appointed counsel, Federal Public Defender Julia L. O'Connell, has filed an <u>Anders</u> brief and has moved to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967). Mr. Rodriguez-Ramirez has declined to file a *pro se* response to that brief, and the government has also declined to file a brief. We therefore base our conclusion on counsel's brief and our own careful review of the record. For the reasons set forth below, we agree with Ms. O'Connell that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant her motion to withdraw and we dismiss this appeal.

## BACKGROUND

As indicated above, Mr. Rodriguez-Ramirez pled guilty without a plea agreement. He affirmatively asserted, *inter alia*, that he was completely satisfied with the services of his appointed counsel. Several weeks later, he filed a *pro se* motion to dismiss his counsel. Mr. Rodriguez-Ramirez's counsel, Assistant Federal Public Defender William Widell, filed a response. The district court denied the motion.

In preparation for sentencing under the United States Sentencing Commission, <u>Guidelines Manual</u> ("U.S.S.G."), the United States Probation Office

-2-

prepared a presentence report ("PSR"). The PSR calculated a total offense level of 21, based upon a base offense level of 8, with a 16-level increase for the previous removal after conviction for a crime of violence, and a 3-level decrease for acceptance of responsibility. With a criminal history category of III, the advisory Guidelines sentencing range was forty-six to fifty-seven months. Neither party challenged the PSR calculation and recommendation. Similarly, no variance or departure was sought. At sentencing, the district court varied downward 3 levels to a total offense level of 18, explaining it was making that adjustment:

> due to the nature of the instant offense, the history and characteristics of the defendant, and the defendant's immigration status and likely deportation after serving a term of imprisonment. Further, the defendant has already served approximately one month on an Immigration and Customs Enforcement hold for which he will not receive credit.

Tr. of Sentencing Hr'g at 11; R. Vol. 2 at 37. The court further explained its sentence as follows:

> This sentence prescribed by this court reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. This sentence affords adequate deterrence to criminal conduct, protects the public from further crimes of this defendant, and provides correctional treatment for the defendant in the most effective manner.
>
> The court has further determined that this sentence is sufficient, but not greater than necessary, to meet the objectives set forth in 18 U.S.C. Section 3553(a).

Id. at 11-12; R. Vol. 2 at 37-38.  The court then sentenced Mr. Rodriguez-Ramirez to thirty-three months, followed by one year of supervised release.

Mr. Rodriguez-Ramirez filed a notice of appeal.  As indicated, his appointed counsel has moved to withdraw as counsel pursuant to Anders.

**DISCUSSION**

The Supreme Court decision in Anders authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after a conscientious examination," the lawyer finds the appeal "wholly frivolous."  Anders, 386 U.S. at 744.  Invoking Anders requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record," and the client has the opportunity to respond to his attorney's arguments.  United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744); see also United States v. Banuelos-Barraza, 639 F.3d 1262, 1263 (10th Cir. 2011).  In evaluating the attorney's request to withdraw, we are required to "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous."  Calderon, 428 F.3d at 930.  If they are, we may grant counsel's motion to withdraw and dismiss the appeal.  Id.

Applying that standard, we consider counsel's brief and we have conducted our own review of the record.  Counsel states as follows:

> Appellate counsel has searched the record for any non-frivolous issue which is arguable on appeal of the conviction or sentence.  Counsel has found no basis to challenge compliance with

Rule 11's requirements during the plea colloquy, or the district court's determinations that the Defendant's waiver of rights and change of plea were entered knowingly, voluntarily, and with competence. As for the procedural reasonableness of the sentence, counsel has not identified any basis for arguing that the Sentencing Guideline calculations were erroneous or that the district court failed to consider a factor or make a record as required by law. The below-guideline sentence is presumed reasonable, and no compelling basis for additional variance was before the district court. The court did not arguably err in denying a pro se motion to dismiss counsel, which failed [to] raise good cause to replace counsel. Counsel submits that there is no viable appellate issue in this case.

Appellant's <u>Anders</u> Br. at 4. We agree with counsel.

Mr. Rodriguez-Ramirez's counsel further notes that no potential errors were preserved by way of objection in the district court, such that a "plain error" standard of review would apply to any such issue. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>United States v. Landeros-Lopez</u>, 615 F.3d 1260, 1263 (10th Cir. 2010) (internal quotation marks omitted).

In accordance with the suggestion of Mr. Rodriguez-Ramirez's counsel, we consider whether there is any nonfrivolous appealable issue relating to Mr. Rodriguez-Ramirez's guilty plea and his sentence. We consider first the guilty plea.

A defendant's plea of guilty is enforceable when made knowingly and voluntarily. <u>United States v. Hahn</u>, 359 F.3d 1315, 1325 (10th Cir. 2004). "To

enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequence." United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002) (internal quotation omitted).  In the context of the acceptance of a guilty plea, Fed. R. Civ. P. 11 "is designed to assist the . . . judge in making the constitutionally required determination that a defendant's plea is truly voluntary." United States v. Ferrel, 603 F.3d 758, 762 (10th Cir. 2010) (internal quotation omitted).  Accordingly, in accepting a guilty plea, a court must place the defendant under oath and, in open court, inform the defendant of various rights and obligations.  See Fed. R. Crim. P. 11(b).

Since Mr. Rodriguez-Ramirez failed to object to the district court's Rule 11 colloquy, and he did not seek to withdraw his guilty plea, he must bear the burden on appeal to demonstrate that plain error occurred in connection with the Rule 11 colloquy and his guilty plea in general.  United States v. Vonn, 535 U.S. 55, 59 (2002); Landeros-Lopez, 615 F.3d at 1263.  We agree with Mr. Rodriguez-Ramirez's counsel that the record reveals no such plain error.

Our review of the colloquy between Mr. Rodriguez-Ramirez and the district court reveals no basis for finding plain error.  As his counsel avers, Mr. Rodriguez-Ramirez was competent and free from mental illness or influence of drugs; he was advised of his rights to maintain a not guilty plea, have a jury trial, have counsel, confront witnesses, compel witnesses, testify and present evidence, and not incriminate himself.  He understood that he would be waiving those rights

-6-

by pleading guilty. Mr. Rodriguez-Ramirez further indicated he understood the charges against him, as well as the possible range of punishment under the Guidelines. The court found that the plea was entered freely and voluntarily. In short, we perceive no plain error in connection with Mr. Rodriguez-Ramirez's guilty plea.

With respect to the sentence imposed on Mr. Rodriguez-Ramirez, we review all sentences for reasonableness under a deferential abuse of discretion standard. See Gall v. United States, 552 U.S. 38, 41 (2007) ("[W]e review all sentences–whether inside, just outside, or significantly outside the Guidelines range–under a deferential abuse-of-discretion standard."); United States v. Lopez–Macias, 661 F.3d 485, 488-89 (10th Cir. 2011); United States v. Smart, 518 F.3d 800, 805 (10th Cir. 2008). This reasonableness review includes both a procedural and a substantive component. We consider whether Mr. Rodriguez-Ramirez has an appealable issue regarding either one.

"Procedural review requires us to consider whether the district court committed any 'significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" United States v. Bergman, 599 F.3d 1142, 1150 (10th Cir. 2010) (quoting Gall, 552 U.S. at 51). Because Mr. Rodriguez-Ramirez failed to

object to the district court's sentencing calculation, he must demonstrate plain error to prevail on appeal. We agree with appellate counsel that the record reveals no procedural error, let alone a plain error, in the district court's calculation of the thirty-three month sentence imposed.

With respect to substantive reasonableness, "[a] sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." United States v. Haley, 529 F.3d 1308, 1311 (10th Cir. 2008). Furthermore, there is a rebuttable presumption that a below-Guideline sentence is substantively reasonable. United States v. Balbin-Mesa, 643 F.3d 783, 788 (10th Cir. 2011). After carefully reviewing the record, we can conceive of no basis upon which Mr. Rodriguez-Ramirez can seriously argue he has rebutted the presumptively reasonable sentence imposed by the district court.

## CONCLUSION

We agree with Mr. Rodriguez-Ramirez's counsel that no nonfrivolous basis exists for him to appeal either his conviction or sentence. We therefore GRANT his counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge