**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 10, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DAVID JUSTICE, a/k/a Stanley Hugh
Anderson,

     Defendant - Appellant.

No. 15-1262
(D.C. No. 1:14-CR-00271-REB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **PHILLIPS**, Circuit Judges.
_____

David Justice, proceeding pro se, appeals his conviction for willfully

damaging United States property in violation of 18 U.S.C. §§ 1361 & 2.  On appeal,

he argues (1) the indictment was insufficient in several respects, (2) the district court

erroneously instructed the jury, (3) he received ineffective assistance from his trial

counsel, and (4) the prosecution committed misconduct during the grand jury

proceedings.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

In July 2013, Mr. Justice and twenty-two other people engaged in a protest at the Cushman Creek Trail by removing traffic-limiting devices, rocks, and boulders and by pruning trees and shrubs. The stated purpose of these acts was not to "destroy[] federal government property, but rather to remove . . . illegal enhancements on a public highway within the State of Colorado." Aplt. Opening Br. at 2. The United States Bureau of Land Management (BLM) had installed the enhancements years earlier to prevent full-sized motor vehicles from accessing the trail, after previously allowing such access.

## II.    Indictment

Mr. Justice argues that the indictment is insufficient to confer jurisdiction on the district court, insufficient to inform him of the nature and cause of the accusation against him, and constructively amended. We reject these arguments.

We review de novo the sufficiency of an indictment. *United States v. Edwards*, 782 F.3d 554, 562 (10th Cir. 2015). "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *Id.* "The test of the validity of the indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Gama-Bastidas*, 222 F.3d 779, 785 (10th Cir. 2000). Our evaluation of the indictment is governed by practical rather than technical considerations. *Edwards*, 782 F.3d at 562.

To secure a conviction for willfully damaging United States property under the applicable provisions of 18 U.S.C. § 1361, the government must prove the following elements: (1) willfully, (2) injuring or committing any depredation against, (3) any property of the United States, (4) that exceeds the sum of $1,000. By 18 U.S.C. § 2, one who "aids, abets, counsels, commands, induces, or procures" the commission of an offense against the United States is punishable as a principal.

The indictment contains a single count, alleging:

> On or about July 21, 2013, in the State and District of Colorado, the defendant, David Justice, a/k/a Stanley Hugh Anderson, did willfully injure and commit a depredation against property of the United States, and did aid, abet, counsel, command, induce and procure its commission, on lands administered by the Bureau of Land Management, specifically, at a location known as Cushman Creek Trail, and such damage exceeded the sum of $1,000.00.

All in violation of Title 18, United States Code, Sections 1361 & 2.

R. Vol. 1 at 13-14. As a threshold matter, we conclude these allegations are sufficient to invoke the district court's jurisdiction. *See United States v. Jackson*, 313 F.3d 231, 233 (5th Cir. 2002) ("To confer subject matter jurisdiction upon a federal court, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute.").

Moreover, the indictment sets forth all the elements of the alleged offense. It alleges the date and place of the alleged offense and the putative amount of damage involved. This sufficiently apprised Mr. Justice of the accusations he needed to be prepared to meet in court. *See United States v. Washington*, 653 F.3d 1251, 1259 (10th Cir. 2011). Indeed, Mr. Justice concedes having committed the acts underlying

3

the charge. Thus, we reject his contention that the indictment lacked enough specificity to fairly notify him of the charge against him.

Nor are we persuaded by his contention that the government constructively amended the indictment.

> A constructive amendment results when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment.

*Edwards*, 782 F.3d at 561. Here, the indictment, jury instructions, verdict form, and judgment state that Mr. Justice committed the offense against "property of the United States." R. Vol. 1 at 13, 265, 272, 504. The other elements listed in the indictment and the jury instructions are identical for all practical purposes. Mr. Justice's attempt to glean a meaningful distinction between the phrases describing the damage to government property "at" and "to" the Cushman Creek Trail is unavailing because damage "at" the trail necessarily includes damage "to" it. We do not see the jury instructions expanding the offense charged in the indictment under these circumstances, and we discern no substantial likelihood that Mr. Justice was convicted of an offense other than the one charged in the indictment.

## III.  Jury Instructions

Mr. Justice argues the district court erred by refusing to give his proposed jury instruction defining the meaning of highway under Colorado law and by erroneously giving another instruction on rights of way. We disagree.

4

We review for abuse of discretion a district court's denial of a request for a particular jury instruction. *United States v. Williamson*, 746 F.3d 987, 990 (10th Cir. 2014). We review de novo whether the instructions as a whole accurately informed the jury of the governing law. *Id.*

The gist of Mr. Justice's defense at trial was that any property damaged in the protest belonged to the State of Colorado. Although he concedes that the surrounding land is property of the federal government, he still contends that the Cushman Creek Trail itself (along with any fixtures on it) is property of the State of Colorado under a statute known as "R.S. 2477." R. Vol. 1 at 94. Passed in 1866, that statute granted "the right of way for the construction of highways over public lands, not reserved for public uses." Act of July 26, 1866, ch. 262, § 8, 14 Stat. 251, 253 (1866) (codified at 43 U.S.C. § 932), *repealed by* Federal Land Policy and Management Act of 1976 (FLPMA), Pub. L. No. 94-579, § 706(a), 90 Stat. 2743, 2793; *see generally Kane Cty. v. United States*, 772 F.3d 1205, 1209 (10th Cir. 2014), *cert. denied*, 136 S. Ct. 318, 319 (2015). Although the FLPMA repealed R.S. 2477, existing R.S. 2477 rights were preserved as they existed in 1976. *S. Utah Wilderness All. (SUWA) v. Bureau of Land Mgmt.*, 425 F.3d 735, 741 (10th Cir. 2005). But Mr. Justice cites no authority, and we are aware of none, for the proposition that R.S. 2477 rights of way are to be treated differently from other rights of way in the context of a case like this one.

"A right of way is not tantamount to fee simple ownership of a defined parcel of territory. Rather, it is an entitlement to use certain land in a particular way."

5

*SUWA*, 425 F.3d at 747; *see also Barnard v. Gaumer*, 361 P.2d 778, 780 (Colo. 1961) ("An easement does not carry any title to the land over which it is exercised and the easement does not work a dispossession of the landowner."). Mr. Justice's defense is based on the false premise that the grant of a right of way under R.S. 2477 conveys an interest akin to an ownership interest in the underlying estate. We disagree. Thus, whether the Cushman Creek Trail meets the definition of a highway is irrelevant here. Even assuming Colorado has a right of way to the Cushman Creek Trail and that it qualifies as a highway under state law, the property remains owned by the federal government. Again, Mr. Justice cites no authority to the contrary.

The district court gave the following instruction about rights of way: "A 'right-of-way' includes an easement, lease, permit, or license to occupy, use, or traverse public or private lands." R. Vol. 1 at 264. The district court further instructed the jury:

> In considering whether any property is property of the United States . . . you must determine whether the property which was placed on the Cushman Creek Trail by the Bureau of Land Management was a "fixture" of the real property on which it was placed:
>
> An object placed on real property is a fixture if each of the following three (3) things have been proved beyond a reasonable doubt:
>
> 1. That the object is annexed to the real property; and
>
> 2. That it is adapted to the use of the real property; and
>
> 3. That it is intended that the object become a permanent part of the real property.

6

Any property you determine to be a fixture is property of the United States, if you also determine by proof beyond a reasonable doubt that the underlying real property is owned or titled in the name of the United States, the United States Department of the Interior, or the Bureau of Land Management.

*Id.* at 265. Mr. Justice does not contest the accuracy of these statements of law.

Taken as a whole, the jury instructions adequately informed the jury of the relevant law, and the district court did not abuse its discretion by declining to give Mr. Justice's tendered instruction on Colorado highways.

## IV. Ineffective Assistance of Counsel

Mr. Justice makes several arguments about his trial counsel's ineffectiveness. But we see no special circumstance that would justify addressing them in this direct appeal. *See United States v. Banuelos-Barraza*, 639 F.3d 1262, 1263 (10th Cir. 2011) ("[E]xcept in extraordinary circumstances claims of ineffective assistance of counsel should be brought in collateral proceedings rather than on direct appeal from a conviction." (quotation marks omitted)). We dismiss these arguments without prejudice. *See United States v. Trestyn*, 646 F.3d 732, 741 (10th Cir. 2011) (dismissing when the record is "insufficient to enable meaningful appellate review of these claims").

## V. Prosecutorial Misconduct

Mr. Justice argues that the prosecutor committed misconduct in the grand-jury proceedings, yet he failed to raise these arguments in the district court. "Whether to address [an] argument despite the litigant's failure to raise it below is subject to this court's discretion based on the circumstances of the individual case." *United States*

*v. Jarvis*, 499 F.3d 1196, 1201 (10th Cir. 2007); *see also United States v. Lamirand*, 669 F.3d 1091, 1099 n.7 (10th Cir. 2012).  We decline to do so here.

## VI.    Conclusion

We affirm the district court's judgment and dismiss without prejudice Mr. Justice's ineffective-assistance-of-counsel claim.  Mr. Justice's motion for leave to file a second superseding reply brief is granted.

Entered for the Court


Gregory A. Phillips
Circuit Judge