FILED
United States Court of Appeals
Tenth Circuit

April 21, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERIC G. ACOSTA,

    Defendant - Appellant.

No. 16-2139
(D.C. No. 2:14-CR-03528-KG-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Police arrested Eric G. Acosta after a traffic stop in Las Cruces, New Mexico, and then inventoried his car. During the inventory, they found a handgun under the car's front seat and 855.2 grams of 97.9% pure methamphetamine in the trunk. After the district court declined to suppress this evidence, Acosta pleaded guilty to federal drug and firearm charges without a written plea agreement. At sentencing, the district court varied downward 48 months to the mandatory-minimum sentence of ten years

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

required by either of Acosta's two methamphetamine convictions. On appeal, Acosta's court-appointed attorney, John C. Anderson, filed a brief under *Anders v. California*, 386 U.S. 738 (1967), asking for permission to withdraw as counsel after concluding that Acosta could not raise a non-frivolous issue.[1] In a pro se response to his counsel's brief, Acosta advances two arguments: (1) that the district court erred in denying his motion to suppress, and (2) that he did not knowingly and voluntarily enter a guilty plea. After examining those two arguments, a third possible argument mentioned by Acosta's counsel, and a fourth unmade argument, which we raise *sua sponte*[2]—implicit to one of Acosta's factual claims—we agree with counsel that Acosta has no non-frivolous grounds for appeal. We grant counsel's motion to withdraw, and we dismiss the appeal.[3]

I

Because he believed the temporary license on the rear window of Acosta's car was improperly displayed and because he could not read the license from his police vehicle, a Las Cruces police officer stopped a car containing Acosta and a passenger.

---

[1] *Anders* permits an attorney who believes an appeal to be "wholly frivolous, after a conscientious examination of it" to advise the court of such and to ask to withdraw from the case, so long as he also submits a brief that discusses potentially appealable issues and their possible support in the record. 386 U.S. at 744. The court then conducts a full examination of the proceedings to determine if the appeal is indeed frivolous. *Id.*

[2] Our mention of this issue obviously does not foreclose its being raised in subsequent proceedings.

[3] Acosta has already been granted *in forma pauperis* status for this proceeding.

When the officer asked Acosta for his license, registration, and insurance, Acosta gave his name and date of birth, but admitted that he had no driver's license. When the officer did a records check on Acosta, he learned that his license had been revoked for a DUI conviction. The officer arrested Acosta, performed an inventory search of the car, and found and seized a handgun and glass pipe under the front seat and a large quantity of methamphetamine in the trunk.

The government charged Acosta with three felonies: (1) conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a), (b)(1)(A); (2) possession with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and (3) possession of a firearm and ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g)(1).

Acosta filed a motion to suppress evidence of the methamphetamine and firearm, arguing that the officer lacked reasonable suspicion to stop his car. The officer, Acosta argued, had relied on an objectively unreasonable understanding of New Mexico law governing the required display of temporary licenses. After holding a suppression hearing, the district court agreed that the officer had indeed misinterpreted the statute as requiring the temporary tag to be posted on the *lower, left-hand corner* of the rear window, when the statute simply required it be anywhere on the left side of the rear window. But the district court still denied the motion after

3

concluding that the officer had reasonable suspicion to make a stop because the officer could not read the temporary tag from his police vehicle.

In a puzzling decision, Acosta then decided to plead guilty to all three counts without a written plea agreement, despite the government's having offered a written plea agreement giving him a better deal.[4] Acosta's presentence report set an adjusted offense level of thirty-three and a Criminal History Category of III, resulting in an advisory guideline range of 168 to 210 months. The district court varied downward and sentenced Acosta to 120 months in prison, the mandatory minimum required by each methamphetamine conviction.

In his pro se response to his counsel's brief, Acosta argues that his guilty plea was not knowing and voluntary because his appointed counsel at the time "did not explain the significance of the appellant waiver contained in the plea agreement."[5] Appellant Response at 2. The record of Acosta's plea hearing undercuts this claim. At the hearing, the magistrate judge asked Acosta's counsel at the time, Leon Schydlower, "is this reasonable for your client to plead straight up? I'd like to know if a plea agreement was offered, if so, why you—it was rejected. It's a lot of time." R. vol. 4 at 10. In response, Acosta's counsel identified an earlier proposed plea

---

[4] The government had been willing to have Acosta sign a plea agreement that would have allowed him to appeal the denial of his motion to suppress. R. vol. 4 at 11. We are doubtful that Acosta understood how this works.

[5] Acosta apparently is referring to his not knowing that a plea without a written plea agreement would deprive him of an ability to appeal his highly appealable suppression issue.

agreement that would have allowed Acosta "to appeal the denial of his motion to suppress." *Id.* at 11. But his counsel stated that Acosta "is highly intelligent and well-versed in the law" and had "made a calculated decision . . . to forego the opportunity to appeal the denial of the motion to suppress" out of an apparent belief that such a decision would help bring positive aspects of Acosta's life to the attention of the sentencing judge. *Id.* at 11-12. Counsel stated that "I will put on the record I do not necessarily agree with that. I would like the opportunity to appeal the denial of the motion to suppress, but Mr. Acosta's decision does make . . . factual sense to me and he's the boss . . . . So here we are pleading straight up."[6] *Id.* at 12.

After those statements by counsel, the magistrate judge asked Acosta if he agreed with everything his counsel had said. He replied, "Yes, ma'am." *Id.* at 13. Then the magistrate judge asked Acosta if "this was your decision to reject the plea agreement and your decision to plead straight up . . . ?" *Id.* Acosta answered, "Yes." *Id.* The magistrate judge also asked other questions to satisfy herself that Acosta's plea was knowing and voluntary, and Acosta's answers persuaded the magistrate judge that Acosta was indeed pleading guilty knowingly and voluntarily. Then the magistrate judge asked again whether Acosta was satisfied with pleading guilty straight up "knowing what the risks might be for you," and Acosta said he was. *Id.* at

---

[6] Contrary to counsel's statement, we see nothing in the record explaining how this decision to unilaterally disarm makes "factual sense." R. vol. 4 at 12. But whether Acosta's decision was a fit of pique, or an attempt to ingratiate himself with the district court, or just plain neglect from his counsel, the record appears to show that Acosta, if hanging on every word, had the chance to hear at his sentencing hearing that his course would keep him from appealing the suppression decision.

15. So Acosta chose to proceed without a written plea agreement reserving a right to appeal the suppression order. Having examined the existing record, we see no reason that Acosta's plea was not fully knowing and voluntary.

## II

Acosta also argues that the district court erred in denying his motion to suppress the evidence found when police inventoried his car. Though Acosta's counsel believes that the suppression argument has merit, he concedes that Acosta waived almost all non-jurisdictional defenses by voluntarily and unconditionally pleading guilty to the charges.[7] *United States v. De Vaughn*, 694 F.3d 1141, 1145 (10th Cir. 2012). A guilty plea keeps a defendant from "rais[ing] independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). That rule applies to post-plea attempts, such as Acosta's here, to appeal denials of motions to suppress. *United States v. Banuelos-Barraza*, 639 F.3d 1262, 1263 (10th Cir. 2011). As mentioned above, the plea-hearing colloquy demonstrates that, if fully attentive and attuned, Acosta had a basis to know that he was waiving this avenue of appeal when he decided to plead guilty unconditionally.

We agree with Acosta's counsel that Acosta has no non-frivolous sentencing issues for appeal. The sentencing floor created by the mandatory minimum would

---

[7] A narrow exception covers due-process claims for vindictive prosecution and double-jeopardy claims that are evident from the face of the indictment. *De Vaughn*, 694 F.3d at 1145-46.

have prevented any procedural or substantive error by the court from having an actual effect, making any such sentencing error harmless. *See Williams v. United States*, 503 U.S. 193, 203 (1992) (noting that harmless error is an error that does not affect a district court's sentencing decision). And with four criminal-history points, Acosta could not qualify for the safety valve provided for in 18 U.S.C. 3553(f), USSG § 5C1.2(a)(1).

Finally, construing Acosta's response liberally because he is proceeding pro se, *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), we acknowledge that Acosta may well have a meritorious ineffective-assistance-of-counsel claim based on his allegation that his counsel did not explain how a plea without a written plea agreement affected his appellate rights, and based on his having a real basis to appeal the district court's suppression decision.

Because of Acosta's waiver, we cannot resolve the merits of his suppression issue, but we would point to *United States v. McSwain*, 29 F.3d 558, 561-62 (10th Cir. 1994) and later cases on the same point—unaddressed by Mr. Schydlower or the district court—that might undermine the suppression decision. Time will tell whether the failure of Acosta's counsel to raise *McSwain* in support of the motion to suppress, combined with the alleged failure to advise Acosta of the impact of a plea without a written plea agreement on his appellate rights, might raise a compelling ineffective-assistance claim for Acosta. If the contents of Acosta's March 19, 2015 letter about his counsel to the district court are accurate, the claim might be more compelling still. *See* Letter, *USA v. Acosta, et al*, No. 2:14-cr-03528-KG-1 (D. N.M. Mar. 20,

2015), ECF No. 65. But absent special circumstances, such as the presence of a developed record, ineffective-assistance claims should be addressed during a collateral proceeding, not on a direct appeal. *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006). We see no special circumstances present here and so defer consideration of these issues to a possible later proceeding.

Finding that Acosta's direct appeal is frivolous, we grant counsel's motion to withdraw as counsel under *Anders v. California*, and we dismiss the appeal.

Entered for the Court


Gregory A. Phillips
Circuit Judge