**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 7, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ARMANI R. MASON,

    Defendant - Appellant.

No. 23-3007
(D.C. No. 6:22-CR-10071-JWB-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Armani Mason pleaded guilty to brandishing a firearm during a robbery in violation of 18 U.S.C. § 924(c)(1)(A)(i) and now appeals his conviction and resulting ten-year prison sentence. Defense counsel filed an *Anders* brief and moved to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that if after "conscientious examination" of record, counsel finds appeal "wholly frivolous," then counsel may move to withdraw and contemporaneously file a "brief referring to

---

[*] After examining the *Anders* brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

anything in the record that might arguably support the appeal"). Mason did not file a pro se response, and the government declined to file a brief. After reviewing the *Anders* brief and conducting our own thorough examination of the record, we agree that Mason's appeal is wholly frivolous. *See id.* (noting court's obligation to fully examine record and determine frivolousness). We therefore dismiss the appeal and grant counsel's motion to withdraw.

We begin with Mason's conviction. As an initial matter, nothing in the record suggests that the district court lacked subject-matter jurisdiction, so any challenge on that basis would be frivolous. *See United States v. De Vaughn*, 694 F.3d 1141, 1145–46 (10th Cir. 2012). And typically, a voluntary and unconditional guilty plea waives nearly all nonjurisdictional challenges.[1] *See id.* So we next consider the voluntariness of Mason's plea and whether there is any other ground on which Mason could seek to withdraw his plea.[2] Because Mason did not challenge the validity of his plea or seek

---

[1] An unconditional guilty plea does not waive constitutional due-process claims for vindictive prosecution or double-jeopardy claims that are evident from the face of the indictment, but nothing in the record suggests Mason has such claims here. *See De Vaughn*, 694 F.3d at 1145–46.

[2] Mason's plea agreement contains an appeal waiver that could preclude him from challenging his conviction and sentence. Relying on *United States v. Banuelos-Barraza*, 639 F.3d 1262 (10th Cir. 2011) (unpublished table decision), defense counsel certified in a letter of supplemental authority that the government would invoke the appeal waiver. But the decision counsel cites doesn't mention an appeal waiver, much less discuss certification—indeed, defense counsel's pincite is to a footnote that does not appear in that decision. Rather, defense counsel appears to rely on a prior version of that decision that was later amended nunc pro tunc. *See United States v. Banuelos-Barraza*, No. 10-4125, slip op. at 3 n.2 (10th Cir. Mar. 31, 2011). Moreover, contrary to defense counsel's suggestion that defense counsel can invoke an appeal waiver on the government's behalf, we have held that only the government may invoke an appeal waiver, whether in a letter response to an *Anders* brief, by

2

to withdraw it below, any such claims would be subject to plain-error review. *United States v. Carillo*, 860 F.3d 1293, 1300 (10th Cir. 2017); *United States v. Vidal*, 561 F.3d 1113, 1118–19 (10th Cir. 2009). Under that standard, a defendant must show a plain error that affected substantial rights and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Carillo*, 860 F.3d at 1300.

A guilty plea must be knowing and voluntary. *See United States v. Muhammad*, 747 F.3d 1234, 1239 (10th Cir. 2014). And the district court must ensure as much before accepting a guilty plea; it must also advise and question the defendant and determine that there is a factual basis for the plea. Fed. R. Crim. P. 11(b). Here, the record reflects that the district court ensured that Mason was voluntarily entering the plea: Mason affirmed that he was pleading knowingly and voluntarily, without threat, and confirmed that he did not suffer from any impairments due to alcohol or mental health issues. *See Brady v. United States*, 397 U.S. 742, 755 (1970) (explaining that plea is voluntary when defendant is aware of consequences and was neither threatened with nor promised anything). Moreover, nothing in the record

---

motion, or in its brief. *See United States v. Contreras-Ramos*, 457 F.3d 1144, 1145 (10th Cir. 2006); *United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005) (holding that defense counsel "has no authority to waive or invoke arguments on behalf of the government," so "[t]he government cannot rely on defense counsel's raising the argument in an *Anders* brief as a substitute for fulfilling its own obligation to seek enforcement of the plea agreement"). Here, the government filed a notice that it did not intend to file a response brief; that notice did not mention the appeal waiver. Nor did the government file a motion to enforce the appeal waiver or file a brief invoking the waiver. In the absence of an express invocation by the government and lacking any legal support for defense counsel's certification that the government would do so, we proceed without application of the appeal waiver.

indicates that Mason's plea was otherwise involuntary. The district court also fully and adequately advised Mason of his rights. *See* Fed. R. Crim. P. 11(b)(1)(A)–(N). Additionally, the district court confirmed the factual basis for the plea by comparing the elements of the offense to the facts that the government said it would prove at trial and that Mason admitted were true. *See Carillo*, 860 F.3d at 1305 (explaining how district court should assess factual basis for plea). We therefore agree with defense counsel that any challenge to the validity of Mason's plea—and therefore his conviction—would be frivolous.

We turn next to Mason's sentence. We generally "review sentences for reasonableness under a deferential abuse-of-discretion standard." *United States v. Nkome*, 987 F.3d 1262, 1268 (10th Cir. 2021) (quoting *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008)). But "when a defendant fails to preserve an objection," review is "only for plain error." *United States v. Finnesy*, 953 F.3d 675, 688 (10th Cir. 2020) (quoting *United States v. Martinez-Barragan*, 545 F.3d 894, 899 (10th Cir. 2008)).

The reasonableness of a sentence "includes both procedural and substantive components." *Nkome*, 987 F.3d at 1268 (quoting *United States v. Masek*, 588 F.3d 1283, 1290 (10th Cir. 2009)). We begin with procedural reasonableness, to "ensure that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court commits a procedural error when miscalculating a defendant's sentencing range under the United States Sentencing Guidelines (U.S.S.G. or the Guidelines), treating the Guidelines as mandatory, failing

4

to consider the sentencing factors in 18 U.S.C. § 3553(a), "selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

We initially consider potential procedural errors that Mason did not raise below and would therefore be subject to plain-error review.[3] First, the district court properly calculated the Guidelines range as a seven-year mandatory minimum under U.S.S.G. § 2K2.4. And because the district court ultimately imposed a ten-year sentence, outside that range, we can infer that the court did not treat the Guidelines as mandatory. In so doing, the district court considered the appropriate § 3553(a) factors in determining Mason's sentence. In particular, it noted that the nature of the offense included stealing a car and robbing two McDonald's restaurants. *See* § 3553(a)(1). It further explained that during the first robbery, Mason placed his gun on the counter and specifically and repeatedly threatened to kill the minor cashier, and during the second, he cocked his gun before placing it on the counter and demanding money from the minor cashier. The district court also discussed Mason's criminal history, which included juvenile theft offenses and robbery of an individual. *See* § 3553(a)(1),

---

[3] During sentencing, Mason's counsel stated that "[f]or purposes of preserving our right of appeal, [we] object procedurally and substantially to the [c]ourt's tentative sentence." R. vol. 3, 59. But a procedural-reasonableness argument can only be preserved through "a sufficiently specific objection," *United States v. DeRusse*, 859 F.3d 1232, 1237 (10th Cir. 2017), so this general statement did not preserve any argument for appeal, *see Finnesy*, 953 F.3d at 681 (finding no preservation where defense counsel merely stated "that procedurally . . . the sentence is . . . unreasonable" (first omission in original) (quoting R. vol. 3, 56)).

(2)(A)–(C). Nowhere in this discussion did the district court rely on clearly erroneous facts; rather, it properly deferred to the unobjected-to presentence investigation report (PSR). *See* Fed. R. Crim. P. 32(i)(3)(A). The district court also adequately explained the sentence and its reason for imposing an upward variance. For example, the district court explained that because the Guidelines range (the seven-year statutory minimum) provided little actual guidance in fashioning a sentence, it compared Mason's conduct—which included specific threats to kill—to simple brandishing. And because Mason's conduct was more serious than simple brandishing, the district court reasoned that it was appropriate to impose a sentence a few years longer than the statutory minimum but much shorter than the statutory maximum: life imprisonment. It also explained that various mitigating factors had caused it to reduce its planned 12-year sentence down to ten. In sum, any plain-error procedural challenge on these points would be frivolous.

We next turn to the only procedural claim that Mason preserved below when he extrapolated on his general objection and argued more specifically that the district court erred by relying in part on Mason's knowledge of the victims' juvenile status to impose an upward variance. As the *Anders* brief highlights, the record demonstrates that the district court chose to impose an upward variance not due to Mason's *knowledge* that the victims were minors, but rather for the simple reason that they *were* minors. And this objective fact is within the district court's discretion to consider. *United States v. Warren*, 737 F.3d 1278, 1286 (10th Cir. 2013) ("If a PSR is not disputed . . . , it is well established that a district court is free to rely on the PSR

6

at sentencing."). So any argument the district court abused its discretion in weighing

the victims' minor status when determining Mason's sentence would be frivolous.

Concluding that the district court did not procedurally err, we turn to the

substantive reasonableness of the sentence. *See United States v. Lucero*, 747 F.3d

1242, 1246 (10th Cir. 2014). Because Mason preserved a substantive reasonableness

challenge by requesting a shorter sentence, our review is for abuse of discretion. *See*

*Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020) (explaining

preservation of substantive-reasonableness argument); *United States v. Gieswein*, 887

F.3d 1054, 1064 (10th Cir. 2018) (providing abuse-of-discretion standard of review).

In determining substantive reasonableness, "we afford substantial deference to the

district court" and consider "whether the length of the sentence is reasonable given

all the circumstances of the case in light of the" sentencing factors in § 3553(a).

*Gieswein*, 887 F.3d at 1064. It is a holistic inquiry, and a district "court need not rely

on every single factor—no algorithm exists that instructs the district judge how to

combine the factors or what weight to put on each one." *United States v. Barnes*, 890

F.3d 910, 916 (10th Cir. 2018).

Nothing in the record supports a finding of substantive unreasonableness here.

As we have already concluded, although the district court imposed a sentence above

the Guidelines range, it appropriately considered the § 3553(a) factors and provided

an adequate explanation for doing so. And it did not improperly weigh any one factor

in determining Mason's sentence. As discussed, the district court spoke at length

about its reasons for imposing an upward variance and even reduced its initially

contemplated sentence by two years. Thus any substantive-reasonable argument that the district court abused its discretion in imposing Mason's ten-year sentence would be frivolous.

Because our examination of the record reveals no other nonfrivolous basis for appeal, we dismiss the appeal and grant defense counsel's motion to withdraw. *See Calderon*, 428 F.3d at 930.

Entered for the Court

Nancy L. Moritz
Circuit Judge
